John J. Kane (State Bar No. 24066794)
Brian W. Clark (State Bar No. 24032075)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street
Suite 5200
Dallas, Texas 75202-3705
Telephone: (214) 777-4200
Telecopy: (214) 777-4299

**COUNSEL TO DEFENDANT**
**GRANT SCOTT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 18-30264-SGJ-11** |
| | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under Case** |
| **LLC,** | § | **No. 18-30264-SGJ-11)** |
| | § | |
| Debtors | § | **Chapter 11** |

| | | |
|---|---|---|
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | |
| **LLC, Reorganized Debtors,** | § | |
| | § | |
| Plaintiffs, | § | **Adversary No. 20-03060-SGJ** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, FRANK** | § | |
| **WATERHOUSE, SCOTT ELLINGTON,** | § | |
| **HUNTER COVITZ, ISAAC LEVENTON,** | § | |
| **JEAN PAUL SEVILLA, THOMAS** | § | |
| **SURGENT, GRANT SCOTT, HEATHER** | § | |
| **BESTWICK, WILLIAM SCOTT, AND** | § | |
| **CLO HOLDCO, LTD.,** | § | |
| | § | |
| Defendant. | § | |

---

## DEFENDANT GRANT SCOTT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

---

Defendant Grant Scott (**"Grant Scott"** or **"Defendant"**) files this Motion to Dismiss and Brief In Support (the **"Motion"**) pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) and respectfully moves the Court to dismiss Plaintiffs' Original Complaint (**"Complaint"**) [Docket No. 1] as to him.  In support of the Motion, Defendant respectfully shows the Court as follows:

## I.
## RULE 7012(B) STATEMENT

1.    Grant Scott states, under Federal Rule of Bankruptcy Procedure[1] 7012(b), that he does not consent to the entry of final orders or judgment by the Bankruptcy Court.

## II.
## FACTUAL OVERVIEW

2.    The Plaintiffs' Complaint asserts a single cause of action against Grant Scott for aiding and abetting an alleged breach of fiduciary duty. The alleged breach of fiduciary duty relates to a single transaction whereby ALF purportedly repurchased Acis, LP's ("Acis") equity interest in ALF for nearly one million dollars. Yet Plaintiffs do not allege, even in conclusory fashion, that such consideration was not adequate or how a sale of an equity interest for almost one million dollars could constitute a breach of fiduciary duty by those in control of the seller. Further, even if a breach of fiduciary duty did occur, Plaintiffs allege no facts whatsoever to show that Grant Scott knowingly participated in such a breach.

## III.
## THE PLAINTIFFS' CLAIMS AND CAUSES OF ACTION

3.    The general premise of the Complaint is that James Dondero and others actively sought to denude Acis in order to avoid paying a nearly $8 million arbitration award entered in favor of Joshua Terry. Most of the claims asserted against the various defendants are based on purported breaches of fiduciary duty in connection with this purported denuding process.

---

[1] The Federal Rules of Bankruptcy Procedure shall be hereafter referred to as the **"Bankruptcy Rules"** and each a **"Bankruptcy Rule"**.

4.      While Plaintiffs' Complaint runs a total of 58 pages, only a small portion of the factual allegations relate to Grant Scott, and Plaintiffs only assert a single cause of action against him. That cause of action is styled as a claim for "Aiding and Abetting Breach of Fiduciary Duty" under Delaware law. Complaint ¶¶ 152-158. In the alternative, Plaintiffs assert a claim for knowing participation in a breach of fiduciary duty under Texas law. Grant Scott contends that Texas law, which does not recognize a cause of action for aiding and abetting a breach of fiduciary duty but arguably recognizes a cause of action for knowing participation, applies here. As set forth below, the elements of these two claims are similar.

5.      To properly plead a claim for aiding and abetting a breach of fiduciary duty under Delaware Law, Plaintiffs must allege an underlying fiduciary relationship; breach of a duty owed by the fiduciary; knowing participation in that breach by the defendant; and damages proximately caused by the breach. *In re Westech Capital Corp.*, No. 16-10300-TMD, 2018 WL 1605171, at *9 (Bankr. W.D. Tex. Mar. 29, 2018) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del. 2001) (discussion of Delaware law and Texas law regarding knowing participation in a breach of fiduciary duty). It is necessary that the Plaintiffs make direct factual allegations from which knowing participation may be inferred in order to survive a motion to dismiss. *In re Telecommunications, Inc.*, No. CIV.A 16470-NC, 2003 WL 21543427, at *2 (Del. Ch. July 7, 2003).

6.      To properly plead a claim for knowing participation in a breach of fiduciary duty under Texas law[2], Plaintiffs must plead the defendant's knowledge of both the underlying fiduciary relationship and that defendant knowingly participated in breaches of that duty. *In re Westech Capital Corp.*, 2018 WL 1605171, at *10 (citing *RBC Capital Markets, LLC v. Jervis*, 129 A.3d 816, 862 (Del. 2015) and *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007)).

---

[2] Grant Scott does not concede that Texas law recognizes such a cause of action.

7.      Regardless of which state's law is applied, Plaintiffs have failed to adequately plead a claim against Grant Scott.

## IV.
## ARGUMENTS & AUTHORITIES SUPPORTING DISMISSAL

### A.    APPLICABLE STANDARD – 12(B)(6) MOTION TO DISMISS

8.      To survive a Rule 12(b)(6) motion to dismiss, the Plaintiffs' Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Federal Rule of Civil Procedure[3] 8(a)(2) "requires a showing, rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3.   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.* at 557.   After all, "where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added, internal quotations removed).

9.      The Supreme Court's interpretation of Rule 8, incorporated here pursuant to Bankruptcy Rule 7008(a), requires pleadings that demonstrate "facially plausible claims," a standard satisfied when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   Courts should not strain to find inferences favorable to the plaintiff or accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).[4]

---

[3] Federal Rules of Civil Procedure shall be hereafter referred to as the **"Rules"** and each a **"Rule"**.

[4] Arguably, Federal Rule of Civil Procedure 9(b) applies to Plaintiffs' claims against Grant Scott. *See Paradigm Air Carriers, Inc. v. Tex. Rangers Baseball Partners (In re Tex. Rangers Baseball Partners)*, 498 B.R. 679, 711–12 (Bankr. N.D. Tex. 2013) (Jernigan, J.) (applying Rule 9(b) to fraudulent transfer claims); *Ebert v. Gustin*, 4:15-CV-00225-O, 2016 WL 11663164, at *15–16 (N.D. Tex. May 12, 2016) (applying Rule 9(b) to claim for breach of fiduciary premised on allegations of fraud). If that is the case, then Plaintiffs' claims clearly fail to adequately allege the required "who, what, when, where and how" regarding his alleged involvement in an alleged breach of fiduciary duty.

---

**B.    PLAINTIFFS' HAVE FAILED TO STATE A CLAIM AGAINST GRANT SCOTT**

10.    Whether Delaware or Texas law is applied, Plaintiffs have failed to adequately plead a claim against Grant Scott.

11.    First, Plaintiffs have failed to adequately plead the existence of a breach of fiduciary duty in connection with their claim against Grant Scott. Plaintiffs identify the transaction at issue as the "ALF Share Transfer." Complaint ¶ 86. According to Plaintiffs, on behalf of CLO Holdco, Grant Scott executed a special resolution whereby ALF bought back Acis's equity interest in ALF for $991,180.13. *Id.* But Plaintiffs fail to allege, even in conclusory fashion, any facts suggesting that this transaction was improper. According to Plaintiffs' own pleadings, ALF paid Acis nearly one million dollars for the shares at issue. While Plaintiffs allege that the shares constituted "valuable economic rights," Plaintiffs allege no facts suggesting that nearly one million dollars in consideration was grossly insufficient or anything else that would indicate that Acis's transfer of such rights constituted a breach of fiduciary duty. Complaint ¶ 73.

12.    Second, even if a breach of fiduciary duty did occur, Plaintiffs have failed to adequately plead that Grant Scott participated in the breach. At most, Plaintiffs have alleged a breach of fiduciary duty owed to Acis, the seller in the ALF Share Transfer. But Plaintiffs do not allege that Grant Scott played any role in any action taken by or on behalf of Acis. Plaintiffs allege that Grant Scott entered into a special resolution authorizing ALF to purchase Acis's equity, not for Acis to sell the equity to ALF. Complaint ¶ 86. Plaintiffs do not allege that Grant Scott played any role in Acis's decision to sell its equity interests back to ALF. Accordingly, if there was any breach of fiduciary duty owed by Dondero or others to Acis, Plaintiffs have not alleged that Grant Scott participated in it in any way.

13.    Third, even if Plaintiffs had sufficiently alleged that Grant Scott participated in a breach of fiduciary duty, they have not alleged any facts to suggest he did so knowingly.  Knowing

participation may be inferred where the terms of the transaction are so egregious or the magnitude of side deals is so excessive as to be inherently wrongful, or if it appears that the defendant may have used knowledge of the breach to gain a bargaining advantage in the negotiations. *In re Telecommunications, Inc.*, 2003 WL 21543427, at *2 (applying Delaware law). Plaintiffs' burden of pleading knowing participation may also be met through direct factual allegations supporting a theory that the defendant sought to induce the breach of fiduciary duty. *Id.* Plaintiffs have not met their burden under either Delaware law or Texas law.

14.     In *In re Telecomunnications*, the plaintiff shareholders of a company's tracking stock alleged breaches of fiduciary duties by the company's directors in relation to a proposed merger with a subsidiary of AT&T Corp., and that AT&T aided and abetted the directors' breaches of fiduciary duty under Delaware law. 2003 WL 21543427, at *1. AT&T asserted that the plaintiffs failed to plead facts from which the court could infer its knowing participation, and the Delaware chancery court agreed. The court dismissed the sole claim against AT&T because the plaintiffs had not demonstrated that AT&T had any reason to believe that the directors were in breach of any fiduciary duty, or that AT&T's conduct in agreeing to the terms of the merger, standing alone, was sufficient to meet the plaintiffs' burden to plead knowing participation by AT&T in the directors' alleged breaches of fiduciary duty. *Id.* at *3. *In re Telecomunnications* is directly on-point to the facts of this case, in which Plaintiffs have failed to allege facts giving rise to an inference that the terms of the ALF Share Transfer were in any way improper or wrongful, or that Grant Scott executed the special resolution for ALF Share Transfer with any actual or constructive knowledge that he was aiding and abetting any purported scheme by Dondero and others. Plaintiffs allege no basis upon which Grant Scott could be charged with knowledge of (much less participation in) any alleged wrongful conduct by other defendants.

15.     Plaintiffs' allegations fair no better under Texas law because the level of knowledge required is "knowingly, intentionally, or with reckless indifference" or an "illicit state of mind" to demonstrate that Grant Scott had actual or constructive knowledge that his conduct was legally improper. *In re Westech*, 2018 WL 1605171, at *9 (W.D. Tex. Bankr.). Plaintiffs make no allegations that Grant Scott had any information from which one could reasonably assume that Grant Scott knew or reasonably should have known that he was participating in an alleged breach of fiduciary duty. *Id.* (citing *Janvey v. Proskauer Rose, LLP*, No. 3:13–CV–0477–N, 2015 WL 11121540 (N.D. Tex. June 23, 2016)). Accordingly, the Court should dismiss Plaintiffs' implausible aiding and abetting claim against Defendant Grant Scott.

## V.
## PRAYER

12.     Defendant Grant Scott respectfully pray that the Court grant his Motion in its entirety, dismiss the Complaint as to him, and grant such other relief, at law or in equity, to which he may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:   */s/ John J. Kane*
        John J. Kane
        State Bar No. 24066794
        Brian W. Clark
        State Bar No. 24032075

901 Main Street
Suite 5200
Dallas, Texas 75202
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jkane@krcl.com
Email: bclark@krcl.com

**ATTORNEYS FOR DEFENDANT GRANT SCOTT**

<u>**CERTIFICATE OF SERVICE**</u>

     This is to certify that on the 22nd day of June, 2020, a true and correct copy of the foregoing has been served by ECF on all counsel of record.

          */s/ John J. Kane*
          John J. Kane