

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 6, 2020**

_____
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 18-30264-SGJ-11** |
| | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under Case** |
| **LLC,** | § | **No. 18-30264-SGJ-11)** |
| | § | |
| Debtors. | § | **Chapter 11** |

| | | |
|---|---|---|
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | |
| **LLC, Reorganized Debtors,** | § | |
| | § | **Adversary No. 20-03060** |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, FRANK** | § | |
| **WATERHOUSE, SCOTT ELLINGTON,** | § | |
| **HUNTER COVITZ, ISAAC LEVENTON,** | § | |
| **JEAN PAUL SEVILLA, THOMAS** | § | |
| **SURGENT, GRANT SCOTT, HEATHER** | § | |
| **BESTWICK, WILLIAM SCOTT, AND** | § | |
| **CLO HOLDCO, LTD.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING LESS THAN ALL DEFENDANTS

Upon the *Motion to Dismiss Less Than All Defendants* [Docket No. 34] (the "Motion")[1] filed by the above-captioned Plaintiffs; this Court having reviewed the Motion, any and all other documents filed in support of or in opposition to the Motion; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED**.

2.      All of claims that were brought, or could have been brought, by and between, and on behalf of (i) Acis and its estate, and (ii) Defendants Frank Waterhouse, Scott Ellington, Hunter Covitz, Isaac Leventon, Jean Paul Sevilla, and Thomas Surgent (collectively the "Highland Employee Parties"), are dismissed with prejudice.  Each of Acis and the Highland Employee Parties shall bear their own attorneys' fees and costs of court.

3.      Nothing in the Settlement Agreement or Release will prevent any Debtor employee, including, without limitation, any HCMLP Specified Party and the Highland Employee Parties, from testifying or producing documents in response to a subpoena or court order.

4.      The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.