John J. Kane (State Bar No. 24066794)
Brian W. Clark (State Bar No. 24032075)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street
Suite 5200
Dallas, Texas  75202-3705
Telephone:  (214) 777-4200
Telecopy:  (214) 777-4299

**COUNSEL TO DEFENDANT**
**GRANT SCOTT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 18-30264-SGJ-11** |
| | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under Case** |
| **LLC,** | § | **No. 18-30264-SGJ-11)** |
| | § | |
| Debtors | § | **Chapter 11** |

| | | |
|---|---|---|
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | |
| **LLC, Reorganized Debtors,** | § | |
| | § | |
| Plaintiffs, | § | **Adversary No. 20-03060-SGJ** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, FRANK** | § | |
| **WATERHOUSE, SCOTT ELLINGTON,** | § | |
| **HUNTER COVITZ, ISAAC** | § | |
| **LEVENTON, JEAN PAUL SEVILLA,** | § | |
| **THOMAS SURGENT, GRANT SCOTT,** | § | |
| **HEATHER BESTWICK, WILLIAM** | § | |
| **SCOTT, AND CLO HOLDCO, LTD.,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT GRANT SCOTT'S ANSWER
## TO PLAINTIFFS' ORIGINAL COMPLAINT

Grant Scott ("Grant Scott" or "Defendant") timely files this answer to the Plaintiffs' Original Complaint (the "Complaint") filed by ACIS Capital Management, L.P. and ACIS Capital Management GP, LLC, (the "Plaintiffs") on April 11, 2020.  In response to the Complaint, Defendant asserts the following:

## I.
## INTRODUCTION

1.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 1.

2.     To the extent the allegations contained in paragraph 2 refer in any way to Defendant, they are denied. Otherwise, Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 2.

3.     To the extent the allegations contained in paragraph 3 refer in any way to Defendant, they are denied. Otherwise, Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

## II.
## JURISDICTION, VENUE, AND STATUTORY PREDICATE

4.     Paragraph 4 contains only legal conclusions and does not require an admission or denial from Defendant. Defendant expressly denies that this Court has subject matter jurisdiction over this proceeding.

5.     Paragraph 5 contains only legal conclusions and does not require an admission or denial from Defendant. Defendant expressly denies that this is a core matter. Under Federal Rule of Bankruptcy Procedure 7012(b), Defendant states that he does not consent to the entry of final orders or judgment by the Bankruptcy Court

6.     Paragraph 6 contains only legal conclusions and does not require an admission or denial from Defendant.

### III.
### PARTIES & PERSONAL JURISDICTION

7.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits that Dondero regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits that Waterhouse regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 9 of the Complaint.

10.      Defendant admits that Ellington regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 10 of the Complaint.

11.      Defendant admits that Covitz regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11 of the Complaint.

12.      Defendant admits that Leventon regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 of the Complaint.

13.      Defendant admits that Sevilla regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13 of the Complaint.

14.      Defendant admits that Surgent regularly conducted business at 300 Crescent Court, Suite 700, Dallas, Texas 75201 at one point in time. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in paragraph 15 of the Complaint with the exception of the allegation that CLO Holdco, Ltd. is an affiliate of Highland Capital, which is denied.

16.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits the factual allegations contained in paragraph 18 of the Complaint with the caveat that (1) Defendant is not a director of CLO Holdco, Ltd. and has no authority to accept service on behalf of CLO Holdco, Ltd., and (2) CLO Holdco, Ltd.'s most recent Schedule 13-D filed with the SEC on June 8, 2018 lists Defendant's "principal business office" rather than its "principal place of business."

19.     Paragraph 19 contains only legal conclusions and does not require an admission or denial from Defendant.

20.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint.

## IV.
## PROCEDURAL BACKGROUND

21.     Defendant admits allegations contained in paragraph 21 of the Complaint.

22.     Defendant admits the allegations contained in paragraph 22 of the Complaint.

23.     Defendant admits the allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits the allegations contained in paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.     Defendant admits the allegations in paragraph 26 of the Complaint regarding the date and general contents of Acis's filing but lacks information sufficient to form a belief about the truth

of the remaining allegations contained in paragraph 26 of the Complaint. To the extent paragraph 26 includes any allegations relating to Defendant, they are denied.

27.     Defendant admits the allegations contained in paragraph 27 of the Complaint.

**V.**
**STANDING & TOLLING OF LIMITATIONS**

28.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Paragraph 30 contains only legal conclusions and does not require an admission or denial from Defendant.

31.     Paragraph 31 contains only legal conclusions and does not require an admission or denial from Defendant.

32.     Paragraph 32 contains a series of conclusory statements and Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 32, but shall put the Plaintiff to its burden of proving all elements of its purported claims.

**VI.**
**FACTUAL BACKGROUND**

33.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint.

47.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 47 of the Complaint.

48.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of the Complaint.

49.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 49 of the Complaint.

50.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the Complaint.

51.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Complaint.

52.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 52 of the Complaint.

53.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the Complaint.

54.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of the Complaint.

55.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint.

56.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of the Complaint.

57.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of the Complaint.

58.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 58 of the Complaint.

59.      Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of the Complaint.

64.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 72 of the Complaint.

73.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 73 of the Complaint.

74.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 74 of the Complaint.

75.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Complaint.

76.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 77 of the Complaint.

78.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 78 of the Complaint.

79.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the Complaint.

82.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 83 of the Complaint.

84.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 84 of the Complaint.

85.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 85 of the Complaint.

86.     Defendant admits that Grant Scott, on behalf of CLO Holdco, Ltd., entered into a special resolution relating to ALF's acquisition of Acis's equity interest in ALF and that said agreement speaks for itself. Defendant lacks information sufficient to form a belief about the truth of the allegations in paragraph 86 of the Complaint.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant admits that CLO Holdco, Ltd. entered into a Subscription and Transfer Agreement in or around October 2017 and that said agreement speaks for itself. Defendant lacks information sufficient to form a belief about the truth of the allegations in paragraph 88 of the Complaint.

89.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 90 of the Complaint.

91.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 91 of the Complaint.

92.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 94 of the Complaint.

95.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 95 of the Complaint.

96.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 96 of the Complaint.

97.     Defendant admits that the Court made the statements referenced in paragraph 97 of the Complaint but lacks information sufficient to form a belief about the truth of such statements.

98.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 98 of the Complaint.

99.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 104 of the Complaint.

105.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 105 of the Complaint.

106.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 106 of the Complaint.

107.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 107 of the Complaint.

108.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 108 of the Complaint.

109.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 109 of the Complaint.

110.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 110 of the Complaint.

111.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 111 of the Complaint.

112.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 112 of the Complaint.

113.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 113 of the Complaint.

114.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 114 of the Complaint.

115.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 115 of the Complaint.

116.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 116 of the Complaint.

117.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 117 of the Complaint.

118.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 118 of the Complaint.

119.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 119 of the Complaint.

120.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 120 of the Complaint.

121.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 121 of the Complaint.

122.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 122 of the Complaint.

123.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 123 of the Complaint.

## VII.
## CAUSES OF ACTION

### Count 1:     *Breach of Fiduciary Duty Against Dondero, as President of Acis GP*

124.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

125.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 125 of the Complaint.

126.     Defendant denies the allegations in paragraph 126 of the Complaint relating to Defendant and/or the ALF Share Transfer. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 126 of the Complaint.

127.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 127 of the Complaint.

128.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 128 of the Complaint.

129.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 129 of the Complaint.

### Count 2:        Breach of Fiduciary Duty Against Dondero, as President of Highland Capital, Sub-Advisor to Acis

130.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

131.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 131 of the Complaint.

132.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 132 of the Complaint.

133.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 133 of the Complaint.

134.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 134 of the Complaint.

135.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 135 of the Complaint.

### Count 3:        Alter Ego as to Dondero

136.     Defendant incorporates the preceding paragraphs as if set forth fully herein.

137.     Paragraph 137 contains only legal conclusions and does not require an admission or denial from Defendant.

138.     Defendant denies the allegations in paragraph 138 of the Complaint to the extent they allege that Dondero "controlled" Defendant. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 138 of the Complaint.

139.     Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 139 of the Complaint.

**Count 4:**  **Breach of Fiduciary Duty Against Waterhouse, as Treasurer of Acis GP**

140.    Defendant incorporates the preceding paragraphs as if set forth fully herein.

141.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 141 of the Complaint.

142.    Defendant denies the allegations in paragraph 142 of the Complaint relating to Defendant and/or the ALF Share Transfer. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 142 of the Complaint.

143.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 143 of the Complaint.

144.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 144 of the Complaint.

**Count 5:**  **Aiding & Abetting Breach of Fiduciary Duty by Dondero Against Waterhouse, Covitz, Ellington, Leventon, Sevilla, Surgent**

145.    Defendant incorporates the preceding paragraphs as if set forth fully herein.

146.    Paragraph 146 contains only legal conclusions and does not require an admission or denial from Defendant. Further, Defendant denies that Delaware law is controlling on this claim.

147.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 147 of the Complaint.

148.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 148 of the Complaint.

149.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 149 of the Complaint.

150.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 150 of the Complaint.

151.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 151 of the Complaint.

**Count 6:        Aiding & Abetting Breach of Fiduciary Duty Against Grant Scott**

152.    Defendant incorporates the preceding paragraphs as if set forth fully herein.

153.    Paragraph 153 contains only legal conclusions and does not require an admission or denial from Defendant. Further, Defendant denies that Delaware law is controlling on this claim.

154.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 154 of the Complaint.

155.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 155 of the Complaint.

156.    Defendant denies the allegations contained in paragraph 156 of the Complaint.

157.    Defendant denies the allegations contained in paragraph 157 of the Complaint.

158.    Defendant denies the allegations contained in paragraph 158 of the Complaint.

**Count 7:        Aiding & Abetting Breach of Fiduciary Duty Against William Scott and Bestwick**

159.    Defendant incorporates the preceding paragraphs as if set forth fully herein.

160.    Paragraph 160 contains only legal conclusions and does not require an admission or denial from Defendant. Further, Defendant denies that Delaware law is controlling on this claim.

161.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 161 of the Complaint.

162.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 162 of the Complaint.

163.    Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 163 of the Complaint.

164. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 164 of the Complaint.

165. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 165 of the Complaint.

**Count 8:** **Willful Violation of the Automatic Stay Against Dondero, Covitz, Leventon, William Scott, Bestwick**

166. Defendant incorporates the preceding paragraphs as if set forth fully herein.

167. Paragraph 167 contains only legal conclusions and does not require an admission or denial from Defendant.

168. Paragraph 168 contains only legal conclusions and does not require an admission or denial from Defendant.

169. Paragraph 169 contains only legal conclusions and does not require an admission or denial from Defendant.

170. Paragraph 170 contains only legal conclusions and does not require an admission or denial from Defendant.

171. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 171 of the Complaint.

172. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 172 of the Complaint.

173. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 173 of the Complaint.

**Count 9:** **Turnover of Property of the Estate under 11 U.S.C. § 542(a) Against CLO Holdco for Acis LP's Performance Allocation**

174. Defendant incorporates the preceding paragraphs as if set forth fully herein.

175. Paragraph 175 contains only legal conclusions and does not require an admission or denial from Defendant.

176. Paragraph 176 contains only legal conclusions and does not require an admission or denial from Defendant.

177. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 177 of the Complaint.

178. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 178 of the Complaint.

179. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 179 of the Complaint.

180. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 180 of the Complaint.

### Count 10: Money Had and Received Against CLO Holdco for Acis LP's Performance Allocation

181. Defendant incorporates the preceding paragraphs as if set forth fully herein.

182. Paragraph 182 contains only legal conclusions and does not require an admission or denial from Defendant.

183. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 183 of the Complaint.

### Count 11: Punitive Damages

184. Defendant incorporates the preceding paragraphs as if set forth fully herein.

185. Defendant denies the allegations in paragraph 185 to the extent they reference Defendant. Otherwise, Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 185 of the Complaint.

186. Defendant lacks information sufficient to form a belief about the truth of the allegations contained in paragraph 186 of the Complaint.

187. Defendant admits that Plaintiffs plead for punitive damages in paragraph 187 but deny that Plaintiffs are entitled to such damages against Defendant.

**Count 12:**    *Attorneys' Fees and Costs, Including all Allowed Professionals' Fees and Expenses in the Bankruptcy Cases*

188. Defendant incorporates the preceding paragraphs as if set forth fully herein.

189. Defendant admits that Plaintiffs plead for certain fees and costs in paragraph 189 but deny that Plaintiffs are entitled to such damages against Defendant.

## VIII.
## AFFIRMATIVE DEFENSES

190. To the extent necessary, the following defenses are asserted in the alternative to one another and do not constitute a waiver of any other argument or an admission that any particular law applies in this case.

191. Defendant would show that the imposition of exemplary or punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas (should the Court determine that Texas law applies) in one or more of the following respects, to wit:

   a. Due Process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least a clear and convincing evidence standard of proof.

   b. The assessment of punitive damages, a remedy that is essentially criminal in nature, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States; the Eighth Amendment to the Constitution of the United States, and Article I,

Sections 13 and 19 of the Constitution of the State of Texas.

192.    Plaintiffs' claim for punitive damages is controlled and limited by Texas Civil Practice and Remedies Code Section 41.008.

193.    Plaintiffs' claims are barred, in whole or in part, under the doctrine of proportionate responsibility, set forth in Chapter 33 of the Texas Civil Practice and Remedies Code, based on the negligence, fault or other liability of Plaintiffs and/or other third parties.

194.    Plaintiffs' claims are barred by legal justification, privilege and/or the business judgment rule.

195.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of offset and/or set-off.

## REQUEST FOR RELIEF

WHEREFORE, Defendant prays that the relief requested in the Complaint be denied, and that Defendant be granted such other and further relief as is just.

Dated:  March 2, 2022.                    **KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
    John J. Kane
    State Bar No. 24066794
    Brian W. Clark
    State Bar No. 24032075
    901 Main Street
    Suite 5200
    Dallas, Texas  75202-3705
    Telephone:  (214) 777-4200
    Telecopy:   (214) 777-4299
    E-mail: bclark@krcl.com
    E-mail: jkane@krcl.com

    **COUNSEL TO GRANT SCOTT**

## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of March, 2022, a true and correct copy of the foregoing has been served by ECF on all counsel of record.

_/s/ John J. Kane_
John J. Kane