

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed March 29, 2022

_____
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, | § | (Jointly Administered Under Case |
| LLC, | § | No. 18-30264-SGJ-11) |
| | § | |
| Debtors. | § | Chapter 11 |

| | | |
|---|---|---|
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, | § | |
| LLC, Reorganized Debtors, | § | Adversary No. 20-03060-SGJ |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| JAMES DONDERO, FRANK | § | |
| WATERHOUSE, SCOTT ELLINGTON, | § | |
| HUNTER COVITZ, ISAAC LEVENTON, | § | |
| JEAN PAUL SEVILLA, THOMAS | § | |
| SURGENT, GRANT SCOTT, HEATHER | § | |
| BESTWICK, WILLIAM SCOTT, AND | § | |
| CLO HOLDCO, LTD., | § | |
| | § | |
| Defendants. | | |

**ORDER GRANTING AGREED MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER AND ENTERING AGREED PROTECTIVE ORDER**

The Court has fully considered the parties' Agreed Motion for Entry of Agreed Protective Order ("Motion"). The Motion is meritorious and is **GRANTED**. It is therefore **ORDERED** that the below Agreed Protective Order shall govern immediately upon entry of this Order:

**AGREED PROTECTIVE ORDER**

**1.    SCOPE**

A.    This Agreed Protective Order is made under Federal Rule of Civil Procedure 26 and shall apply in this Adversary Proceeding.

B.    This Agreed Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.

C.    Any party or non-party to this Adversary Proceeding who is asked to produce information or give testimony may designate information pursuant to the terms of this Agreed Protective Order, provided that the party or non-party has a good faith belief for doing so (a "Designating Party").

D.    Information that may be designated and protected under this Agreed Protective Order includes, but is not limited to, the original and any copy, excerpt, abstract, summary, or other similar iteration of: (i) answers to interrogatories; (ii) answers to requests for admission; (iii) responses to requests for production of documents; (iv) deposition transcripts and videotapes; (v) deposition exhibits; and (vi) any other writings or things that may be properly designated as "Confidential" or "Attorneys' Eyes Only," as those terms are defined herein.

  **E.** Nothing in this Order shall limit a Party's ability to use documents or information designated as "Confidential" or "Attorneys' Eyes Only" at a hearing or trial in this Adversary Proceeding.

  **F.** All "Confidential" or "Attorneys' Eyes Only" stamps or markings applied pursuant to this Agreed Protective Order shall be removed from all exhibits a party intends to offer into evidence at trial. At the request of a Designating Party, the Court may (but is not required to) take such measures, as it deems appropriate, to protect the protected information from disclosure in open court under applicable law. Absent any such request, the Parties shall be entitled to freely use during trial any document, materials, or information previously designated as "Confidential" or "Attorneys' Eyes Only" (subject to whatever objections may be made at the time of trial).

  **G.** Nothing in this Agreed Protective Order shall preclude any party or non-party from filing a motion seeking further or different protection from the Court.

**2.** **DESIGNATIONS**

  **A.** A Designating Party may designate information as "Confidential" if the information is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential.

  **B.** A Designating Party may designate information as "Attorneys' Eyes Only" if the information would qualify as "Confidential," as set forth above, and would also constitute an immediate and irreparable competitive business harm if it were disclosed to another party to this Adversary Proceeding, such as sensitive research, development, financial, technical, marketing, and other comparable trade secret information.

   **C.**  Information cannot be designated as "Confidential" or "Attorney Eyes Only" if either: (i) the information is already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information, or (ii) the information has been disclosed to the public or third persons in a manner that makes such information no longer confidential.

   **D.**  Designated information shall be clearly marked by stamping, marking, or otherwise identifying the information as "Confidential" or "Attorneys' Eyes Only." For any document produced in native form (*e.g.*, Excel spreadsheet, PowerPoint presentation, *etc.*) the filename of the produced document shall contain any confidentiality designation.

   **E.**  The failure to designate any information, except for information contained in deposition transcripts, shall not constitute a waiver of confidentiality over that information. If at any time any party or non-party believes that certain information that was previously produced should have been designated as "Confidential" or "Attorneys' Eyes Only," then that Party shall promptly notify in writing all the other parties who have received such information of the proper designation. Such information will then and thereafter be treated as it is designated under this Agreed Protective Order.

**3.**  **CLAW BACK OF PRIVILEGED INFORMATION**

   **A.**  If information protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege.

   **B.**  If the producing party inadvertently or mistakenly produces such privileged information, upon written notice by the producing party after the discovery of such inadvertent or

mistaken production, the receiving party shall use all commercially reasonable efforts to return or destroy the privileged information and all copies of it, including any work product containing, identifying, or referencing such information.

    **C.** Upon receiving the written notice of the inadvertently produced privileged information, no party shall use that information, or information gleaned exclusively from it, in connection with the Adversary Proceeding, except to the extent that the inadvertently producing party withdraws its designation of the relevant material as privileged or the Court determines that the relevant material was not properly designated as privileged.

**4.**     **DEPOSITIONS**

    **A.** A Designating Party may request during a deposition that the reporter designate the transcript, portions of it, and/or exhibits as "Confidential" or "Attorneys' Eyes Only." Designations so made will have the same force and effect as if made by the Designating Party.

    **B.** A Designating Party may also designate deposition information after the deposition has concluded by providing the other parties and the reporter with written designations, by page and line number, within 14 days from when the Designating Party received the final deposition transcript. Until this 14-day timeframe has lapsed for all parties, any deposition transcript, draft or final, must be treated by all parties as Attorneys' Eyes Only, unless the disclosing party consents to less confidential treatment of the information.

    **C.** If no designation is timely made, the entire deposition transcript and any exhibits will be considered devoid of "Confidential" and "Attorneys' Eyes Only" information.

    **D.** All parties and the reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control. The portions designated in such notice must thereafter be treated in accordance with this Agreed Protective Order.

**5.    OBJECTIONS**

A.    Any party or non-party who has received information that has been designated as "Confidential" or "Attorneys' Eyes Only" may object to that designation at any time (the "Objecting Party"). The Objecting Party must provide its objection to the Designating Party, in writing, and must specifically identify therein the information that is being objected to as well as the reasons for the objection.

B.    Upon receipt of the Objecting Party's written objection, the Designating Party will then have ten business days to advise the Objecting Party whether the Designating Party will alter or remove the challenged designation. If the parties remain in disagreement over the designation after those ten days, the Objecting Party may thereafter seek an order to alter or remove the designation, but only after conferring as required by Northern District of Texas Local Rule 7.1. Until the designation dispute is resolved by the Court, the designation will remain in full force and effect and the information will continue to be accorded the protection required by this Agreed Protective Order.

**6.    USE AND DISCLOSURE**

A.    Information designated as "Confidential" or "Attorneys' Eyes Only" may only be used in connection with this Adversary Proceeding and for purposes of preparation, trial, and appeal.

B.    "Confidential" information may only be disclosed as follows:

  i. To the Parties to this Adversary Proceeding, including their officers and agents, but only to the extent necessary for such officer or agent to perform his/her assigned tasks in connection with this Adversary Proceeding;

  ii. To any person who created, received, or had actual knowledge of the designated information prior to its disclosure or production in this Adversary Proceeding;

  iii. To the attorneys working on this Adversary Proceeding on behalf of any party, as well as their staff;

      iv.    To experts, vendors, or consultants retained for the purposes of this Adversary Proceeding, provided that each expert, vendor, and consultant is first provided with a copy of this Order and executes Exhibit A;

      v.    To witnesses who provide written or oral testimony in this case or who are preparing to provide testimony, voluntarily or pursuant to a validly issued subpoena or notice, in any hearing, deposition, or trial, so long as counsel believes in good faith that disclosure of the designated information is necessary in preparation for such testimony;

      vi.    To the Court and its staff;

      vii.    To court reporters and videographers engaged in this Adversary Proceeding; and

      viii.    To mock jurors in any mock trial or focus group conducted by a party for this Adversary Proceeding, provided the mock jurors execute some form of confidentiality agreement prior to being presented with any designated information.

    C.    "Attorneys' Eyes Only" information may only be disclosed to the parties identified in 5.B.ii – 5.B.viii, above.

    D.    In the event of disclosure, only the reporter, the person, her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Agreed Protective Order, may be present during the disclosure or discussion of designated information.

    E.    It is the responsibility of counsel for each party to maintain materials containing "Confidential" or "Attorneys' Eyes Only" information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Agreed Protective Order.

    F.    This Agreed Protective Order shall have no effect on, and shall not apply to, a producing party's use or disclosure of its own designated information for any purposes whatsoever.

**7.**    <u>**FILING**</u>

    A.    Any filing of designated information with the Court shall be done in compliance with Northern District of Texas Local Rule 79.4.

**8.   CONCLUSION OF MATTER**

A.   Within 60 calendar days after final judgment in this Adversary Proceeding, including the exhaustion of appeals, or within 60 calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Agreed Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing designated information and to certify to the producing party that this destruction or return has been done. Nothing in this paragraph, however, shall prevent counsel for the parties from maintaining their litigation files and the contents thereof, including correspondence, deposition transcripts and videos, pleadings, work product, and documents produced in this Adversary Proceeding.

**9.   OTHER REQUIRED DISCLOSURES**

A.   If any party or non-party is requested or required by law to disclose in connection with a matter that is not this Adversary Proceeding any designated information, such party or non-party shall provide the party that produced or designated such information with immediate written notice of any such request or requirement so that the producing or designating party may seek a protective order or other remedy, and/or waive compliance with the provisions of this Agreed Protective Order.

B.   In the absence of a protective order or other remedy at the time of the deadline to produce the designated information in the separate proceeding, the party may, without liability hereunder, disclose the designated information that is legally required to be disclosed.

## END OF ORDER ##

**ORDER SUBMITTED BY:**

*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad
**ATTORNEY IN CHARGE**
Texas Bar No. 00941100
Federal Bar No. 11604
Shawn M. Bates
Texas Bar No. 24027287
Federal Bar No. 30758
Alexander R. Hernandez
Texas Bar No. 24106086
Alexander M. Dvorscak
Texas Bar No. 24120461
Federal Bar No. 3610557
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI, & MENSING, P.C.**
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
ahernandez@azalaw.com
advorscak@azalaw.com

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1550
Fort Worth, Texas 76102
(817) 877-8855 Telephone
(817) 877-4151 Facsimile
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P.
AND ACIS CAPITAL MANAGEMENT GP, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § § **ACIS CAPITAL MANAGEMENT, L.P.,** § **ACIS CAPITAL MANAGEMENT GP,** § **LLC,** § § **Debtors.** § § | | **Case No. 18-30264-SGJ-11** **Case No. 18-30265-SGJ-11** **(Jointly Administered Under Case No. 18-30264-SGJ-11)** **Chapter 11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** § **ACIS CAPITAL MANAGEMENT GP,** § **LLC, Reorganized Debtors,** § § **Plaintiffs,** § § **vs.** § § **JAMES DONDERO, FRANK** § **WATERHOUSE, SCOTT ELLINGTON,** § **HUNTER COVITZ, ISAAC LEVENTON,** § **JEAN PAUL SEVILLA, THOMAS** § **SURGENT, GRANT SCOTT, HEATHER** § **BESTWICK, WILLIAM SCOTT, AND** § **CLO HOLDCO, LTD.,** § § **Defendants.** | | **Adversary No. 20-03060-SGJ** |

## PROTECTIVE ORDER EXHIBIT A: ACKNOWLEDGMENT

I acknowledge that I have been provided a copy of the Agreed Protective Order in the above-referenced matter. I agree to comply with the terms of the Agreed Protective Order.

Signature: _____

Printed Name: _____

Date: _____

_____