Joseph Y. Ahmad (Bar No. 00941100)
Shawn M. Bates (Bar No. 24027287)
Alex Dvorscak (Bar No. 24120461)
Christian Adriatico (Bar No. 24113366)
**AHMAD, ZAVITSANOS & MENSING**
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
advorscak@azalaw.com
cadriatico@azalaw.com
**COUNSEL FOR PLAINTIFFS AND
REORGANIZED DEBTORS**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br>**ACIS CAPITAL MANAGEMENT, L.P.,**<br>**ACIS CAPITAL MANAGEMENT GP, LLC,**<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 18-30264-SGJ-11**<br>**Case No. 18-30265-SGJ-11**<br><br>**(Jointly Administered Under Case No. 18-30264-SGJ-11)**<br><br>**Chapter 11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,**<br>**ACIS CAPITAL MANAGEMENT GP, LLC, Reorganized Debtors,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JAMES DONDERO, FRANK WATERHOUSE, SCOTT ELLINGTON, HUNTER COVITZ, ISAAC LEVENTON, JEAN PAUL SEVILLA, THOMAS SURGENT, GRANT SCOTT, HEATHER BESTWICK, WILLIAM SCOTT, AND CLO HOLDCO, LTD.,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 20-03060-SGJ** |

## ACIS' REPLY IN SUPPORT OF MOTION TO COMPEL
## COMPLIANCE WITH SUBPOENA

Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP" together with Acis LP, the "Reorganized Debtors," "Debtors," "Acis," or "Plaintiffs"), the Reorganized Debtors in the above-styled and jointly administered bankruptcy cases (the "Bankruptcy Cases") and Plaintiffs in the above-styled adversary proceeding (the "Adversary Proceeding"), file this reply in support of its Motion to Compel Compliance with Subpoena. (Dkt. 94).

The parties have reached a compromise over documents related to "HarbourVest" and as a result that issue as set forth in the Motion, is no longer in dispute. The only issues left for the Court to decide are (1) whether Highland should be compelled to produce privileged documents; and (2) the relevant timeframe for the subpoena.

## I.   ARGUMENT

### A. Highland's untimely objections are waived and Highland does not have an appropriate excuse for the untimely objections.

Highland claims that its objections – served some ***34 days*** late – are nevertheless, not waived. Highland is mistaken. Objections served 34 days late and without any agreement from Acis to same, are flatly untimely, and waived. *See* Fed. R. Civ. P. 45(d)(2)(B); Mot. at Ex. 7, App. at 119.

Effectively conceding its late objections, Highland claims "present circumstances excuse" such "untimeliness" because it "communicat[ed] with counsel for Acis in producing over one million pages of information to Acis in response to the subpoena." Resp. at 8. That excuse is disingenuous at best. ***It is undisputed that Highland never asked for, and Acis never agreed to, late service of the subpoena responses***. During the meet-and-confer process, Highland ignored many of Acis' request for updates on the document production in response to the Amended Subpoena. Moreover, as set forth in the Motion, despite agreeing to waive privilege and agree to

— 1 —

the relevant timeframe in the Amended Subpoena, Highland changed its position at the eleventh hour and 34 days after its required response date. Mot. at Ex. 8, App. at 158-159, Ex. 6, App. at 110-111. Let us be clear: Highland never asked for leave to serve a late response; and Acis never agreed to such. And, the alleged production of "one million pages of information" that Highland seems to imply can, retroactively, serve as a get-out-of-jail-free card to excuse untimely objections, is nothing of the sort. Production of a large volume of documents untimely, does not excuse the untimeliness absent agreement from Acis – which there never was. And Highland cites no authority to the contrary. Moreover, while Highland cites cases that seem to excuse untimely objections where the responding party advised the requesting party of the impending objections prior to the compliance deadline, that is **not** the situation at bar. Here, it is undisputed that the parties initially wrestled over Highland's objections based on timeframe and privilege. Thereafter, in exchange for Acis agreement on specific search terms and other conditions, Highland **agreed to drop** its objections to timeframe and privilege. Mot. at Ex. 6, App. at 114-115. Acis served the Amended Subpoena, honoring its end of the bargain over the search terms. *Id.* at Ex. 7, App. at 119. Highland, however, advised it was reviving the previously-withdrawn objections 34 days after the Amended Subpoena's compliance date. *Id.* at Ex. 8, App. at 158-159. **None of the case law cited by Highland supports that maneuver.** Finally, the Court should be aware that most of the alleged "one million pages" of information was a data dump of irrelevant documents, dominated by internal and third-party listserv email blasts, which Acis had specifically instructed Highland to "[e]xclude all emails generated from an automated distribution list.". *See, e.g.,* Ex. 15, App. at 228; Mot. at Ex. 5, App. at 100.

In addition, Highland's agreement with Acis to produce privileged documents amounts to waiver of the attorney-client and work product privilege. Highland (again) waived the attorney-

client and work product privileges on July 18, 2022, when it told Acis that "if Acis will agree on the October 16, 2019 cut-off, [Highland] will waive the attorney client privilege for the period up until that time." Mot. at Ex. 6, App. at 114-115. That agreement resulted in a waiver because "voluntary disclosure is simply defined as voluntarily disclosing *or offering* or producing privileged communications to a third party without objection. *In re Royce Homes, LP*, 449 B.R. 709, 724 (Bankr. S.D. Tex. 2011) (emphasis added).

The bottom line: there is not a single meritorious reason to allow Highland to hide beneath the cloak of previously-waived objections not resuscitated until 34 days beyond the subpoena compliance deadline.

**B. Documents belonging to Highland in-house attorneys must be produced because Highland has previously waived privilege before this Court.**

The attorney-client privilege is waived when information is disclosed to a third party. *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) ("To retain the attorney-client privilege, the confidentiality surrounding the communications made in that relationship must be preserved . . . [A] breach of confidentiality forfeits the client's right to claim the privilege.") Attorney work product is waived when is disclosed to an adversary or where the disclosure substantially increases the likelihood that an adversary will come into possession of the work product. *In re Sanchez Energy Corp.*, No. 19-34508, 2022 WL 17586713, at *6 (Bankr. S.D. Tex. Dec. 12, 2022).

Highland admits that when it comes to the waiver of privileged documents "up until October 19, 2019 (*i.e.*, Highland's petition date), . . . *it had already done so*." Resp. at 6 (emphasis added). Indeed, an order entered by this Court (and cited by Highland) unequivocally states that Highland "agrees to voluntarily waive . . . the attorney-client privilege and work-product protection belonging to [Highland] as to documents and communications that relate to claims in

the Action and were created prior to October 16, 2019." Ex. 16, App. 291-292 (*Agreed Protective Order, In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj (Bankr. N.D. Tex.), Adv. Pro. 21-03076-sgj, Docket No. 202 ¶ 13). Those documents were produced to certain defendants who are also Defendants in this case including, James Dondero, CLO Holdco, and Grant Scott. *Id.*

Here, the same waiver extends to Acis and the documents must be produced. Producing privileged documents to an adversary undoubtedly waives the attorney-client and work product privileges because it destroys the confidential nature of those documents. *See, e.g.*, *In re Supplement Spot, LLC*, No. 06-35903-H4-11, 2009 WL 2006834, at *21 (Bankr. S.D. Tex. July 8, 2009) (producing documents waived the attorney-client and work product privilege). Highland does not explain how or why it could waive privilege and then later assert the same privilege. That is because it can't. There is no such thing as a partial waiver of privilege. *Russell v. Curtin Matheson Sci., Inc.*, No. 76-H-881, 1980 WL 374, at *2 (S.D. Tex. Apr. 15, 1980), on reconsideration in part, 493 F. Supp. 456 (S.D. Tex. 1980) ("Voluntary disclosure of part of a privilege communication is a waiver as to the remainder of the privilege communication about the same subject."). So any attorney-client or work-product privilege that existed over Highland's documents that are subject to the Court's previous order is now gone.

Therefore, because Highland has already waived privilege on multiple occasions, the Court should compel Highland to produce documents from its in-house counsel custodians.

**C. The subpoena's date range must begin on January 1, 2016.**

Highland claims that extending the Amended Subpoena's beginning date to January 1, 2016, is unreasonable under Rule 26. Highland is wrong. Even if Highland had timely objected on this point (it did not), a cursory view of the Complaint reveals that it is entirely reasonable for the

— 4 —

relevant timeframe to start on January 1, 2016. Highland's only support for its argument is a single cherry-picked citation to the Complaint that Highland "'began work' on the Fraudulent Transfers *after* Mr. Terry received his arbitration Award on October 20, 2017." *See* Resp. at ¶ 17 (emphasis in original). Highland, however, fails to address that the Complaint contains relevant facts that occurred before Mr. Terry's arbitration award. For example, at the heart of this case is the modification of the Sub-Advisory and Shared Services Agreements, which were backdated to January 1, 2016. (Complaint ¶ 61). And the Complaint alleges that Defendants improperly misallocated performance fees tied to the CLO Value Fund in early and mid-2016. (Complaint ¶¶ 44-47).

Moreover, extending the relevant time period is consistent with this Court's prior findings. In its January 31, 2019, Confirmation Ruling, this Court found that Highland "orchestrated a systematic transfer of value away from the Debtor-Acis to other Highland Entities . . . beginning almost ***immediately after Mr. Terry was terminated in June 2016*** and continuing or during Mr. Terry's litigation/arbitration with the Debtor-Acis, and then rapidly unfolding after [Mr. Terry's] Arbitration Award." Mot. at Ex. 2, App. at 22-23.

### IV. CONCLUSION

Based on the foregoing, Acis respectfully asks the Court to find that (1) Highland's objections to the Amended Subpoena are untimely and waived; (2) Highland must search for and produce all responsive documents pursuant to the express, agreed terms of the Amended Subpoena.

Dated: January 23, 2023 　　　　　　　Respectfully submitted,

*/s/ Shawn Bates*_____
Joseph Y. Ahmad
Texas Bar No. 00941100
Federal Bar No. 11604
Shawn M. Bates
Texas Bar No. 24027287
Federal Bar No. 30758
Alex Dvorscak
Texas Bar No. 24120461
Christian Adriatico
Texas Bar No. 24113366
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
advorscak@azalaw.com
cadriatico@azalaw.com

**AHMAD, ZAVITSANOS & MENSING, P.C.**

**COUNSEL FOR PLAINTIFFS AND REORGANIZED DEBTORS**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2023, that this document was electronically served to the parties registered or otherwise entitled to receive electronic notices in this adversary proceeding pursuant to the Electronic Filing Procedures in this District and e-mailed to counsel for Highland.

                                */s/ Christian Adriatico*
                                Christian Adriatico