Joseph Y. Ahmad
Texas Bar No. 00941100
Shawn M. Bates
Texas Bar No. 24027287
Alex Dvorscak
Teas Bar No. 24120461
Thomas Cooke
Texas Bar No. 24124818
**AHMAD, ZAVITSANOS & MENSING,
PLLC**
1221 McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
advorscak@azalaw.com
tcooke@azalaw.com

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1550
Fort Worth, Texas 76102
(817) 877-8855 Telephone
(817) 877-4151 Facsimile
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P.
AND ACIS CAPITAL MANAGEMENT GP, LLC,
PLAINTIFFS AND REORGANIZED DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § § § § § § | **Case No. 18-30264-SGJ-11**<br>**Case No. 18-30265-SGJ-11**<br><br>**(Jointly Administered Under Case No. 18-30264-SGJ-11)** |
| **ACIS CAPITAL MANAGEMENT, L.P., ACIS CAPITAL MANAGEMENT GP, LLC,** | | |
| Debtors. | § | **Chapter 11** |
| **ACIS CAPITAL MANAGEMENT, L.P., ACIS CAPITAL MANAGEMENT GP, LLC, Reorganized Debtors,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JAMES DONDERO, FRANK WATERHOUSE, SCOTT ELLINGTON, HUNTER COVITZ, ISAAC LEVENTON, JEAN PAUL SEVILLA, THOMAS SURGENT, GRANT SCOTT, HEATHER BESTWICK, WILLIAM SCOTT, AND CLO HOLDCO, LTD.,**<br><br>Defendants. | § § § § § § § § § § § § § § § § § | **Adversary No. 20-03060-SGJ** |

## ACIS'S MOTION FOR CONTINUANCE BASED ON CONTINUED CHALLENGES WITH HIGHLAND DOCUMENT PRODUCTION

Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP" together with Acis LP, the "Reorganized Debtors," "Debtors," "Acis," or "Plaintiffs"), the Reorganized Debtors in the above-styled and jointly administered bankruptcy cases (the "Bankruptcy Cases") and Plaintiffs in the above-styled adversary proceeding (the "Adversary Proceeding"), file this Motion for Continuance Based On Continued Challenges with Highland Document Production.

### A.  Good cause exists to continue the case deadlines.

The Court entered a scheduling order on February 17, 2022. Dkt. 73. Discovery in this case began shortly thereafter, after the exchange of pretrial disclosures, with Acis serving requests for production on all remaining Defendants on April 11, 2022. The Court granted an Agreed Motion to Amend Scheduling Order on February 23, 2023. Dkt. 102.

But despite the parties' diligent efforts, discovery remains in the early stages. As the Court is well aware, this case is unique in that many of the documents underlying the claims and defenses are in the possession of non-party Highland Capital ("Highland"), which has consistently objected what Acis views as reasonable discovery requests and has continually stymied progress. On May 3, 2022, Acis subpoenaed Highland to produce relevant documents by May 24, 2022. This production was delayed and negotiated over the next few months and did not begin until mid-September 2022. Even then, Highland walked back numerous agreements, unilaterally narrowed the scope of the subpoena, refused to search for key terms, and filed untimely objections. Accordingly, Acis filed a Motion to Compel Compliance with Subpoena on December 13, 2022 (Dkt. 89), which the Court granted in part and denied in part on February 17, 2023 (Dkt. 100).

As a result of the Court's Order and the parties' continued negotiations to find a solution to the monthslong logjam, Highland made its second document production on March 14, 2023. ***This production consists of over 1 million pages***. The timing and content of Highland's second document production continues to cause problems. First, the second production is riddled with documents that are completely irrelevant to the present action and Acis' requests. For example, Plaintiffs have produced many thousands of pages of newsletters, promotional emails, and spam:

| KIR-ACIS 00040191–456 | Over 250 pages of "recommended weekly summaries" sent to Highland Capital employees via mass email. Attachments include the "JPM Action Calendar," the "LCD Weekly Technicals" and "What I Learned This Week." Dozens of families of documents in Highland's second production fit this description. ***These documents are neither relevant nor even responsive.*** |
|---|---|
| KIR-ACIS 00043700–893 | Another "week in review" newsletter with hundreds of pages of attachments. One attached document, J.P. Morgan's "High Yield Relative Value Roundup for the week ended February 7, 2019," comprises 83 pages of tables assessing the value of various companies. ***These documents are neither relevant nor even responsive.*** |
| ACIS_JD 1515164-69 | The "NYSE MAC Desk Mid-Day Market Update." ***These documents are neither relevant nor even responsive.*** |
| ACIS_JD 1515170–75 | Email from "J.P. Morgan Market Intelligence." ***These documents are neither relevant nor even responsive.*** |
| ACIS_JD 1515328 | Email with subject line: "Weekly Specials from Victor's Restaurant & Bar" for Tuesday, July 12, 2016. (The weekly special for that week? Shrimp Scampi.) ***These documents are neither relevant nor even responsive.*** |
| ACIS_JD 1515438–1515444 | Promotional email to James Dondero from Pottery Barn. ***These documents are neither relevant nor even responsive.*** |
| ACIS_JD 1516084–86 | Email from "BioTrust Nutrition" to James Dondero with subject line "Final Attempt: Only 17 bottles left (then SOLD OUT)." ***These documents are neither relevant nor even responsive.*** |

| | |
|---|---|
| ACIS_JD 1516795–96 | Email from Hilton Hotels to James Dondero, suggesting: "Book that European vacation you've always wanted." *These documents are neither relevant nor even responsive.* |
| ACIS_JD 1516797–800 | Do-Not-Reply email from "Total Wealth" to James Dondero (subject line: "Five Double-Digit Dividend Plays to Secure Your 'Second Salary'"). *These documents are neither relevant nor even responsive.* |
| ACIS_JD 1516818–822 | Pages of advertisements for women's sneakers. *These documents are neither relevant nor even responsive.* |
| ACIS_JD 1516951–52 | Email to James Dondero with subject line: "3 Things Jesus Said About How to Cure Disease." *These documents are neither relevant nor even responsive.* |

Again, the above are merely exemplary and far from comprehensive; these examples are representative of *several hundred thousand pages* of nonresponsive, irrelevant material in Highland's second production. Several of them, like the 250-page newsletter that begins at KIR-ACIS 00040191, recur *dozens* of times.

Second, Highland's second production contains numerous documents that Acis and Highland agreed would be filtered out by Highland before producing. For example, the document set Bates-numbered "ACIS_JD" comprises over *260,000* documents and *1.8 million* pages. Over a third of these—over *170,000* documents and *650,000* pages—are mass emails to distribution lists and "listservs," not unlike the newsletter examples cited above, with no relevance whatsoever to this case.

Highland has, by design or neglect, inundated Acis with a mountain of nonresponsive and duplicative documents that are not remotely relevant to the claims or defenses in this action. The result of Highland's two productions, comprising over *two million pages* and containing nearly a

million nonresponsive, irrelevant documents, is that discovery has dragged on far longer than expected, despite Acis' diligent efforts to obtain and sift through the Highland documents.

Accordingly, there is good cause to further continue the case deadlines to allow sufficient time for discovery before trial. *See* Fed. R. Civ. P. 16(b). The requested continuance will allow the parties to complete discovery, conduct depositions of party and non-party witnesses, and adequately prepare for trial. The parties do not seek this continuance for purposes of delay, but so that justice may be done.

**B.  Proposed new schedule:**

The parties request a new trial setting for March of 2024 as well as these new deadlines:

- Expert Disclosures & Reports: November 20, 2023

- Rebuttal Expert Reports: December 29, 2023

- Expert Depositions: January 29, 2024

- Fact Discovery: January 29, 2024

- Trial Status Conference: February 5, 2024

- Dispositive Motions: February 12, 2024

- Pre-Trial Motions: March 20, 2024

- Joint Pre-Trial Order: March 20, 2024

- Trial Exhibits & Trial Witnesses Objections: March 27, 2024

- Finalized Trial Exhibits & Trial Witnesses: April 22, 2024

- Trial Docket Call & Pretrial Conference: April 22, 2024


For the foregoing reasons, Acis respectfully requests that the Court enter an amended scheduling order that reflects the deadlines set forth above and in the attached proposed order.

---

Dated: May 16, 2023

Respectfully and jointly submitted,

*/s/ Joseph Y. Ahmad*_____
Joseph Y. Ahmad
Texas Bar No. 00941100
Shawn M. Bates
Texas Bar No. 24027287
Alexander M. Dvorscak
Texas Bar No. 24120461
Thomas Cooke
Texas Bar No. 24124818
**AHMAD, ZAVITSANOS & MENSING, PLLC**
McKinney St. Suite 2500
Houston, Texas 77010
(713) 655-1101 Telephone
(713) 655-0062 Facsimile
joeahmad@azalaw.com
sbates@azalaw.com
advorscak@azalaw.com
tcooke@azalaw.com

**COUNSEL FOR PLAINTIFFS AND
REORGANIZED DEBTORS**

## CERTIFICATE OF CONFERENCE

I certify that the parties conferred on multiple occasions to reach agreement on the motion and proposed order, as follows. On May 11, 2023, I conferred via email with counsel for Defendants James Dondero, Grant Scott, and CLO HoldCo. Only counsel for James Dondero responded on May 15, 2023. Counsel for James Dondero agreed that there was good cause to amend the schedule, but counsel for Dondero also sought an extension of deadlines even longer than the extension that Acis seeks. Therefore, Defendant Dondero apparently is opposed—not because he opposes adjusting the schedule, but because he seeks to adjust it beyond what Acis seeks. I reached out via email to all Defendants' counsel on May 15, 2023 and May 16, 2023, but received no further response from any Defendant's counsel.

*/s/ Thomas Cooke*
Thomas Cooke

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023 this document was electronically served to the parties registered or otherwise entitled to receive electronic notices in this adversary proceeding pursuant to the Electronic Filing Procedures in this District.

*/s/ Thomas Cooke*
Thomas Cooke