

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed January 25, 2025

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 18-30264-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P. and | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | |
| | § | (Jointly Administered Under |
| Reorganized Debtors. | § | Case No. 18-30264-SGJ-11) |

_____

| | | |
|---|---|---|
| ACIS CAPITAL MANAGEMENT, L.P. and | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | |
| Reorganized Debtors, | § | |
| | § | Adversary No. 20-03060-SGJ |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| JAMES DONDERO, et al., | § | Civil Action No. 3:24-cv-02036-N |
| | § | |
| Defendants. | § | |

_____

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT
THAT IT GRANT DEFENDANT JAMES DONDERO'S MOTION FOR JUDGMENT ON
THE PLEADINGS AND "SUPPLEMENTAL" MOTION FOR SUMMARY JUDGMENT
AND DISMISS WITH PREJUDICE ALL REMAINING COUNTS AGAINST DONDERO**

## I. Introduction

The bankruptcy court issues this report and recommendation to the District Court that it (1) grant *Defendant James Dondero's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) & Supplemental Motion for Judgment as a Matter of Law under Rule 56* (the "Motion")[1] filed in the above referenced adversary proceeding ("Current Acis Action") by Defendant James Dondero ("Dondero") on November 18, 2024, and (2) dismiss with prejudice the remaining causes of action asserted against Dondero by plaintiffs, Acis Capital Management, L.P. and Acis Capital Management GP, LLC (together, "Acis" or "Plaintiffs") on the basis that they are barred under the doctrine of res judicata or claim preclusion. The court refers to the "remaining" causes of action because, as the parties and the District Court are well aware, the District Court recently adopted this court's report and recommendation ("R&R Regarding Motion to Dismiss Counts 3 and 5") issued on October 15, 2024,[2] recommending that the District Court grant Dondero's Rule 12(b)(6) motion to dismiss for failure to state a claim as to Counts 3 (alter ego) and 5 (fraudulent transfer) on the basis, raised *sua sponte* by the bankruptcy court, that the doctrine of res judicata, or claim preclusion, applied to bar Counts 3 and 5 against Dondero, after taking into consideration Acis's objection[3] thereto, Dondero's response,[4] and Acis's reply,[5] and dismissed Counts 3 and 5 with prejudice.[6]

---

[1] Dkt. No. 210. Dondero filed a brief in support of his Motion ("Brief in Support") at Dkt. No. 211. This Motion is both a stand-alone motion for judgment on the pleadings pursuant to Rule 12(c) and a supplemental motion for summary judgment pursuant to Rule 56, which supplements Dondero's Motion for Summary Judgment filed on August 2, 2024, in which he seeks summary judgment based on various theories other than res judicata or claim preclusion.

[2] Dkt. No. 188; DCT Dkt. No. 3.

[3] Dkt. Nos. 200 and 201; DCT Dkt. Nos. 8 and 9.

[4] Dkt. No. 213; DCT Dkt. No. 10.

[5] DCT Dkt. No. 14.

[6] *See* Order dated January 6, 2025 ("District Court Order"), DCT Dkt. No. 13, at 1 ("[U]pon consideration of Acis's objection, Dondero's response, and Acis's reply, the Court . . . adopts the Report and Recommendation of the Bankruptcy Court [3-1] and dismisses counts 3 and 5 with prejudice because the doctrine of claim preclusion applies.")

Specifically, the District Court adopted this court's report and recommendation that two separate, stipulated and agreed orders of dismissal with prejudice ("Dismissals with Prejudice"), entered in a prior action ("Prior Acis Action") brought by Plaintiffs in 2018 against five "Highland Entities"[7] alleged by Acis to have been Dondero's alter egos[8] (but where Dondero, himself, had not been a named a party-defendant), which dismissed, with prejudice, the Highland Entities as to all causes of action that had been asserted against them in the Prior Acis Action, acted as res judicata to bar Plaintiffs' causes of action against Dondero asserted in the Current Acis Action in Counts 3 and 5. This court noted in its R&R Regarding Motion to Dismiss Counts 3 and 5 that, though it had concerns that the remaining counts against Dondero may be barred under the same principles of claim preclusion, it was only recommending that Counts 3 and 5 be dismissed (and not the other counts asserted against Dondero) because Dondero's Motion to Dismiss only asked for dismissal of Counts 3 and 5.[9]

After this court issued its R&R Regarding Motion to Dismiss Counts 3 and 5, Dondero filed the instant Motion[10] in which he seeks a dismissal of all remaining counts against him in the

---

and 4 ("Because the doctrine of claim preclusion applies, the Court adopts the Bankruptcy Court's Report and Recommendation and dismisses with prejudice counts 3 and 5 of Acis's complaint under Rule 12(b)(6) for failure to state a claim.").

[7] The "Highland Entities" named as defendants in the Prior Acis Action included Highland Capital Management, L.P. ("Highland"), which became a debtor in its own now long-running bankruptcy case in 2019 (Bankruptcy Case No. 19-34054), and four offshore entities: Highland CLO Funding, Ltd. ("Highland Funding"); Highland HCF Advisor, Ltd. ("Highland Advisor"); Highland CLO Management, Ltd. ("HCLOM"); and Highland CLO Holdings, Ltd. ("Highland Holdings").

[8] Acis, the plaintiffs in this Current Acis Action, were also the plaintiffs in the Prior Acis Action, where they alleged that Acis and the Highland Entities (defendants in the Prior Acis Action) were all Dondero's alter egos, who participated in a fraudulent scheme, masterminded by Dondero, to systematically denude Acis of its assets, to the detriment of its creditors—particularly, one creditor, Joshua Terry ("Terry").

[9] Report & Recommendation Regarding Motion to Dismiss Counts 3 and 5, 48 n.109 ("The bankruptcy court has significant concerns that the other counts against Dondero in the Live Complaint may also be barred under the principles of res judicata. While the court feels comfortable raising the res judicata issue *sua sponte* with respect to Dondero's Motion to Dismiss Counts 3 and 5 of the Live Complaint, it will not, on its own, raise the issue with respect to the counts in the Live Complaint that are not the subject of the Motion to Dismiss.").

[10] As noted, the instant Motion is, in part, a "supplemental" motion for summary judgment. Dondero filed a *Motion for Summary Judgment* and brief in support on August 2, 2024, in which he sought a summary judgment as to Counts

3

Current Acis Action based on the same theory—that the Dismissals With Prejudice entered in the Prior Acis Action act as res judicata to bar *all* of the claims asserted against Dondero in the Current Acis Action. Plaintiffs filed their response ("Opposition") and brief in opposition to the Motion on December 9, 2024,[11] and Dondero filed his reply ("Reply") on December 19, 2024. A hearing ("Hearing") on the Motion was held on January 15, 2025.

Having reviewed the Motion for Judgment on the Pleadings and Supplemental Motion for Summary Judgment, Acis's response thereto, and Dondero's reply, and having considered the arguments of counsel at the Hearing, and the District Court Order, the court recommends that the District Court dismiss all remaining counts against Dondero, with prejudice, as being barred by res judicata or claim preclusion.

## II. Report and Recommendation to the District Court That It Dismiss, with Prejudice, All Remaining Counts Against Dondero on the Basis of Res Judicata or Claim Preclusion

The causes of action against Dondero that remain in the Current Acis Action after dismissal with prejudice of Counts 3 (alter ego) and 5 (fraudulent transfer) are the following:

Count 1: Breach of Fiduciary Duty against Dondero, as President of Acis GP;

Count 2: Breach of Fiduciary Duty against Dondero, as President of Highland Capital, Sub-Advisor to Acis; and,

Count 6: Willful Violation of the Automatic Stay against Dondero.[12]

---

1, 2, and 6 on bases other than res judicata. This court's report and recommendation that the District Court grant the Motion and dismiss with prejudice all remaining counts asserted against Dondero in the Current Acis Action, if adopted by the District Court, would render the MSJ moot, to the extent based on theories other than res judicata. Thus, this court will not address, in this report and recommendation, any of the bases for dismissal raised by Dondero in his original MSJ.

[11] Dkt. Nos. 222 and 223.

[12] The original 11 defendants in this Current Acis Action included Dondero and nine other individuals who were associated in one way or another with Acis and/or Highland. Only one defendant was not an individual human being—a Cayman Island entity called CLO Holdco, Ltd. Over time, the Reorganized Acis reached settlements with, or otherwise chose not to pursue, all but two of the original 11 defendants in this Current Acis Action, with the two remaining defendants being Dondero and CLO Holdco, Ltd. (the most recent voluntary dismissal being of defendant

For the same reasons this court recommended the dismissal with prejudice of Counts 3 and 5 against Dondero in its October 25, 2024 Report and Recommendation Regarding Motion to Dismiss Counts 3 and 5 (that was adopted by the District Court on January 6, 2025), this court recommends to the District Court that it grant Dondero's Motion and dismiss with prejudice all remaining causes of action against Dondero on the basis of claim preclusion.

"The standard for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim[,]"[13] and "[d]ismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts."[14] A party is entitled to a summary judgment under Rule 56 "when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[15]

Dondero has argued that he is entitled to a judgment as a matter of law under Rule 12(c) and Rule 56 of dismissal with prejudice of all remaining claims asserted against him in the Current Acis Action based on principles of res judicata or claim preclusion. While "res judicata encompasses two separate but linked preclusive doctrines" of claim preclusion and issue preclusion (or collateral estoppel), "true" res judicata is a claim preclusion doctrine[16] under which "a final judgment on the merits of an action precludes the parties or their privies from relitigating

---

Grant Scott, who was dismissed with prejudice following a settlement between him and Acis. *See Order Dismissing Defendant Grant Scott* entered on October 30, 2024. Dkt. No. 203. And, CLO Holdco, Ltd. is only named as a defendant in this Current Acis Action as to Counts 7 (Turnover of Property of the Estate of Acis LP's Performance Allocation and 8 (Money Had and Received for Acis LP's Performance Allocation). To be clear, CLO Holdco was not named as a defendant as to any of the counts asserted against Dondero, and Dondero was not named as a defendant as to Counts 7 or 8. Counts 9 and 10 are counts for punitive damages and attorneys' fees.

[13] *Waller v. Hanlon,* 922 F.3d 590, 599 (5th Cir. 2019).
[14] *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 591 (5th Cir. 2020) (cleaned up).
[15] *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006) (quoting Fed. R. Civ. P. 56(c)).
[16] *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

issues that were or could have been raised in that action."[17] The test[18] for res judicata or claim preclusion has four elements: "(1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."[19]

Moreover, "the Fifth Circuit has held that an alter ego relationship between a corporation and an individual can establish privity for preclusion purposes[,]"[20] and cases citing *Dudley* "suggest this alter ego relationship can establish privity either under a theory of control or a theory of adequate representation."[21] The District Court noted that the Fifth Circuit has stated that the "entire purpose of the alter ego theory of liability would be undermined if the alter ego of a corporation could force parties to relitigate otherwise precluded claims against the corporation."[22] The District Court concluded that, under *Dudley* and *Flores*, where Acis alleges that Dondero treated the Highland Entities as his alter ego "during the relevant underlying conduct[,]" "[i]f . . . Acis had obtained a judgment of liability against Highland, Dondero would certainly not be able to avoid preclusion and force Acis to relitigate liability for the same underlying conduct."[23] "Thus,

---

[17] *Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 n.1 (5th Cir. 2010) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).

[18] Because the Prior Acis Action and this Current Acis Action were both filed in federal bankruptcy court as adversary proceedings, the court applies federal common law in determining the res judicata effect of the final judgments entered in the Prior Acis Action on Acis's claims against Dondero in this Current Acis Action. *See Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 n.2 (5th Cir. 2010) ("In the absence of a federal governing statute or rule, the res judicata effect of a federal judgment, such as those asserted here, is determined by federal common law.") (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 n.12 (5th Cir. 2007)) (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)).

[19] *Test Masters*, 428 F.3d at 571 (citation omitted); *see also* District Court Order, 2.

[20] District Court Order, 2 (citing *Dudley v. Smith*, 504 F.2d 979, 982 (5th Cir. 1974).

[21] District Court Order, 2 (citing Fifth Circuit cases).

[22] District Court Order, 2-3 (quoting *Flores v. Bodden*, 488 F. App'x 770, 779 (5th Cir. 2012) (per curium) (citing *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir.1995))).

[23] District Court Order, 3 (citing *Dudley*, 504 F.2d at 982; *Flores*, 488 F. App'x at 779).

if privity would exist to hold Dondero liable on a judgment of liability against Highland, then it must also exist to shield Dondero from liability when Highland secured a dismissal with prejudice on the same claims. Accordingly, the alter ego relationship between Dondero and Highland establishes privity for the purposes of claim preclusion."[24] The District Court also held that the "same claim" element applies here as well, rejecting Plaintiffs' argument that "the Bankruptcy Court's prejudgment orders approving the settlement in the Prior Acis Action causes Acis's claims against Dondero to survive the dismissals with prejudice" for the reason that "for a settlement agreement to alter the preclusive effect of a judgment, that judgment[,]" and "[t]o that point, 'the judge's awareness and even approval of [settlement] terms do not make them part of the judgment."[25] Thus, the District Court concluded

> whether the Bankruptcy Court was aware of or approved of the terms of Acis's settlement with the Highland entities is immaterial. The language of the dismissals with prejudice in the Prior Acis Action neither incorporated the settlement agreement nor expressly reserved Acis's claims against Dondero. Accordingly, the preclusive effect of the dismissals with prejudice is not affected by the settlement agreement.[26]

The District Court adopted this court's R&R Regarding Motion to Dismiss Counts 3 and 5 and dismissed with prejudice Counts 3 and 5 of the Current Acis Action "[b]ecause the doctrine of claim preclusion applies."[27]

> As this court observed in the R&R Regarding Motion to Dismiss Counts 3 and 5,
>
> It is crystal clear that the Prior Acis Action involves the very same operative facts and allegations of fraudulent transfers that exist in the Current Acis Action with one key difference: in the Prior Acis Action, Acis chose—for whatever reason—not to include Dondero as a defendant, even though Acis alleged therein that Dondero was: (a) the person who masterminded an alleged scheme to fraudulently transfer Acis' assets out of the reach of its creditors, and (b) was the alleged "alter

---

[24] District Court Order, 3.
[25] District Court Order, 3-4 (citing *Seven Networks, LLC v. Motorola Mobility LLC*, 2022 WL 426589, at *3 (N.D. Tex. 2022) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402-03 (5th Cir. 2009))).
[26] District Court Order, 4.
[27] District Court Order, 4.

ego" of the transferor, Acis, and also of Highland and the other four Highland-related offshore entities that constituted the Prior Acis Action Defendants.

But, Acis waited to pursue Dondero (and the other 10 original defendants in this action) ***for the very same fraudulent scheme and conduct described in the Prior Acis Action*** until commencing the Current Acis Action. Importantly, by the time the Reorganized Acis filed its Live Complaint in this Current Acis Action, ***all of Acis's claims asserted in the Prior Acis Action against the Prior Acis Action Defendants had been dismissed with prejudice***—pursuant to the Dismissals with Prejudice entered by the bankruptcy court in the Prior Acis Action in November 2020 and May 2021. The same observations are made here with respect to Dondero's request that the remaining claims and counts asserted against him in this action be dismissed with prejudice, and the same conclusion obtains for the same reasons set forth in this court's R&R Regarding Motion to Dismiss Counts 3 and 5: all four elements of res judicata apply to bar the remaining counts asserted against Dondero in the Current Acis Action, and, therefore, they should be dismissed with prejudice.

Acis argues that the res judicata test has not been met here "because (1) Dondero and the Highland Entities were not in privity ***at the time of the [Prior Acis Action's] dismissal***[28]; (2) the Prior Acis Action was dismissed pursuant to a series of Court orders that explicitly preserved Acis's claims against Dondero; (3) the claims in this adversary and the [Prior Acis Action] arise from different sets of operative facts; [and,] (4) Dondero waived res judicata . . . ." As to the first prong of their argument, in particular, Acis specifically argues that the United States Supreme Court decision in *Taylor v. Sturgell*[29] limited the application of res judicata (and the concept of privity) in nonmutual claim preclusion to situations in which the nonparty in the succeeding action

---

[28] Added emphasis.
[29] 553 U.S. 880, 898 (2008).

8

(here, Dondero) was the alleged alter ego of the party in the prior action (i.e., the Highland Entities) at all times: at the time of the complained of conduct, prior to the first suit having been brought, *and* at the time the judgment on the merits was entered in the first action. Acis further argues that *Taylor* should be read to place limits on the application of nonmutual claim preclusion recognized in the Fifth Circuit's opinion in *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990): "privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." Here, Dondero was—according to Acis—not an alter ego or in privity with Highland and the other Highland Entities *at the time of dismissal of the Prior Acis Action*, due to Dondero's ouster during the Highland bankruptcy case in year 2020.

Acis raised these same objections to the R&R Regarding Motion to Dismiss Counts 3 and 5, and the District Court rejected them, either implicitly or explicitly in its January 6 Order, determining that all four elements of res judicata applied, such that Counts 3 and 5 were precluded under principles of claim preclusion by the Dismissals with Prejudice that had been entered in the Prior Acis Action. Specifically, the District Court determined that, under Fifth Circuit jurisprudence, there was privity between Dondero and his alleged alter egos, the Highland Entities, for purposes of res judicata. In any event, this court does not view *Taylor* as relevant to the situation here. Both *Meza* and *Taylor* dealt with nonmutual claim preclusion in situations in which a defendant in an action is seeking to bind (i.e., preclude) a new plaintiff in a new action to a final judgment rendered a prior action *in which the new plaintiff was not a party*. In other words, a defendant is arguing that the new plaintiff should be deemed to have been in privity with the prior plaintiff and, therefore, barred from pursuing its claims against the defendant in the new action.

9

Presumably, the courts are concerned in that situation that the prior plaintiff, in the prior action, cannot automatically be said to have adequately represented the new plaintiff, such that the new plaintiff had an opportunity to fully and fairly litigate his cause of action against the defendant. In such a situation, there would seem to be a need to carefully consider whether the new plaintiff was indeed "in privity" with the plaintiff in the prior litigation, at the time of the litigation and entry of the final judgment. Here, obviously, we have a defendant (nonparty in Prior Acis Action), alleged to have been the alter ego of the defendants (and of the plaintiffs, for that matter) in the Prior Acis Action that seeks to claim the benefit of a final judgment in the prior litigation, where the plaintiffs were the same in both actions, and, the claims asserted in the subsequent action are based on the same nucleus of operative facts and are essentially the same claims as those asserted against the alleged alter egos in the prior litigation that the ***plaintiffs*** instituted. Allowing a nonparty defendant in a subsequent action to ***benefit*** from a judgment of nonliability as to his alleged alter egos rendered in a prior litigation initiated by the same plaintiffs does not implicate the concerns expressed in *Meza* and *Taylor* that such plaintiffs will be denied their opportunity to be adequately represented and to fully and fairly litigate their claims. Courts have recognized that "[a] ***lesser degree of privity*** is required ***for a new defendant*** to benefit from claim preclusion ***than for a plaintiff to bind a new defendant*** in a later action."[30]

As noted above, the District Court has already rejected Plaintiffs' argument that the Dismissals with Prejudice cannot have a res judicata effect as to the claims they assert in the Current Acis Action against Dondero because the Prior Acis Action was dismissed pursuant to a

---

[30] *In re Testmasters Trademark Litig.*, No. 4:04-MD-1646, 2006 WL 8445513, at *7 (S.D. Tex. Sept. 28, 2006), aff'd sub nom. *Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 F. App'x 399 (5th Cir. 2008) (quoting *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995)) (emphasis added).

series of Court orders that explicitly preserved Acis's claims against Dondero.[31] The Dismissals with Prejudice have a preclusive effect on Plaintiffs' current claims against Dondero precisely because those orders did not explicitly incorporate the terms of Plaintiffs' settlement(s) with the Highland Entities or explicitly provide that the Plaintiffs' claims against Dondero were being reserved and would not be affected by the dismissal orders.

This court and the District Court have already rejected Plaintiffs' argument that the claims in the Current Acis Action against Dondero arise from a different set of operative facts than those asserted against the Highland Entities in the Prior Acis Action.

Finally, Plaintiffs' argument that Dondero had effectively waived his right to assert res judicata was also rejected by the District Court, and this court finds no basis in law or fact to support a conclusion that Dondero did waive his rights here.

### III. Conclusion and Recommendation

To summarize, all four elements of the res judicata test apply here: the Dismissals with Prejudice in the Prior Acis Action (1) involved Acis and the Highland Entities, all of whom were alleged to be the alter egos of Dondero, with whom Dondero is in privity;[32] (2) were entered by this court (a court of competent jurisdiction); (3) constituted final judgments on the merits; and (4) involved the same claims or causes of action as those asserted against Dondero in this Current Acis Action. To be clear, the remaining claims against Dondero in this Current Acis Action for breaches of fiduciary duties and for willful violation of the automatic stay ***could have been***

---

[31] The series of Court orders were an order confirming the Acis plan of reorganization and an order approving the settlement of Acis's proofs of claim in the Highland bankruptcy case—***both of which were prior to the Dismissal Orders with Prejudice in the Prior Acis Action***.

[32] Dondero argues that Acis has not pled sufficient facts to state a plausible claim under Delaware law that the Highland Entities are alter egos of Dondero, but that is an issue the court need not, and does not, decide here. Acis's allegations of an alter ego relationship between Dondero and the Highland Entities are sufficient to find "privity" for res judicata purposes.

***brought against him in the Prior Acis Action***; Acis chose, for whatever strategic decision known only to it, not to do so. As noted by the court in its R&R Regarding Motion to Dismiss Counts 3 and 5, "Litigation strategy to not bring claims which [plaintiff] . . . could have brought does not bar the application of *res judicata*; indeed, 'strategic' choices to split claims that could be brought in the same case is what the *res judicata* principle seeks to prevent."[33] Thus, the court concludes that Dondero is entitled to a judgment as a matter of law under Rule 12(c) and Rule 56 that Acis is barred from bringing the remaining claims in this action under the principles of res judicata (or claim preclusion).

Accordingly, the bankruptcy court recommends to the District Court that it grant the Motion on the basis that such claims and causes of action are barred under the principles of res judicata (or claim preclusion) by virtue of the Dismissals with Prejudice entered in the Prior Acis Action.[34]

#### **#### END OF REPORT AND RECOMMENDATION ####**

---

[33] *Universitas Educ., LLC v. Benistar Admin Servs., Inc.*, No. 23-1207, 2024 WL 1787754 *3 (2nd Cir. Apr. 25, 2024).

[34] As noted early on, the instant Motion is, in part, a "supplemental" motion for summary judgment. Dondero filed a *Motion for Summary Judgment* and brief in support on August 2, 2024, in which he sought a summary judgment as to Counts 1, 2, and 6 on bases ***other*** than res judicata. This court's report and recommendation that the District Court grant the Motion and dismiss with prejudice all remaining counts asserted against Dondero in the Current Acis Action, if adopted by the District Court, would render the MSJ moot, to the extent based on theories other than res judicata. Thus, in the interest of judicial economy, this court will not address herein any of the bases for dismissal raised by Dondero in his original MSJ. In the event the District Court does not accept this Report & Recommendation, the bankruptcy court will file yet another report & recommendation addressing Dondero's prior-filed (August 2, 2024) *Motion for Summary Judgment*.