**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 18-30264-SGJ-11** |
| | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under Case** |
| **LLC,** | § | **No. 18-30264-SGJ-11)** |
| **Debtors** | § | |
| | § | **Chapter 11** |

| | | |
|---|---|---|
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | |
| **LLC, Reorganized Debtors,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Adversary No. 20-03060-SGJ** |
| **vs.** | § | |
| | § | |
| **JAMES DONDERO, et al.,** | § | |
| | § | |
| **Defendants.** | § | **Civil Action No. 3:24-cv-02036-N** |

**JAMES DONDERO'S RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT
AND RECOMMENDATION TO THE DISTRICT COURT THAT IT GRANT
DONDERO'S MOTION FOR JUDGMENT ON THE PLEADINGS AND
"SUPPLEMENTAL" MOTION FOR SUMMARY JUDGMENT AND DISMISS
WITH PREJUDICE ALL REMAINING COUNTS AGAINST DONDERO**

Dated: February 24, 2025                    Respectfully submitted,


                                            **CRAWFORD, WISHNEW & LANG PLLC**

                                            By: */s/ Michael J. Lang*
                                            Michael J. Lang
                                            Texas State Bar No. 24036944
                                            mlang@cwl.law
                                            Dave Wishnew
                                            Texas State Bar No. 24052039
                                            dwishnew@cwl.law
                                            Haleigh Jones
                                            Texas State Bar No. 24097899
                                            hjones@cwl.law
                                            Alexandra Ohlinger
                                            Texas State Bar No. 24091423
                                            aohlinger@cwl.law
                                            Dallas Flick
                                            Texas State Bar No. 24104675
                                            dflick@cwl.law
                                            1700 Pacific Ave, Suite 2390
                                            Dallas, Texas 75201
                                            Telephone: (214) 817-4500

                                            *Counsel for Defendant James Dondero*


## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 24, 2025, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

                                            */s/ Michael J. Lang*
                                            Michael J. Lang

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... iii

TABLE OF AUTHORITIES ............................................................................. iv

I.    SUMMARY ................................................................................................ 1

II.   BACKGROUND ........................................................................................ 3

III.  ARGUMENT & AUTHORITIES ............................................................ 9

    A.   Legal Standard for a Motion Under FED. R. CIV. P. 12(c) ..................................... 9

    B.   Acis's Claims are Barred by Res Judicata. ............................................................. 9

        1.    Element 1: Dondero was, in effect, a party in the Prior Acis Action or, at a
        minimum, in privity with the Highland Entities in the Prior Acis Action. ............... 10

        2.    Element 4: The same claim or cause of action is involved in both the Prior Acis
        Action and the Current Acis Action. ........................................................................ 17

    C.   The Bankruptcy Court Did Not Err in Finding the Dismissals with Prejudice Were
    Final Judgments on the Merits for Res Judicata Purposes ........................................... 23

    D.   Dondero Did Not Waive Res Judicata. .................................................................. 24

IV.   CONCLUSION AND PRAYER FOR RELIEF ................................................ 25

# TABLE OF AUTHORITIES

## Cases

*Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663 (5th Cir. 1994) .............. 18

*Allen v. McCurry*, 449 U.S. 90 (1980) ................................................................................. 9

*Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 019CV61509WPDSNOW, 2020 WL
    9934410 (S.D. Fla. Apr. 9, 2020) ................................................................................. 15

*BAPA Brooklyn 2004, LLC v. PennyMac Loan Servs., LLC*, 2020 WL 12990982 (N.D.
    Tex. February 28, 2020) ............................................................................................... 18

*Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585 (5th Cir. 2020) ................ 9

*Baylor v. HUD*, 913 F.2d 223 (5th Cir. 1990) .................................................................... 10

*Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172 (5th Cir.1987) .............. 12

*Boyte v. Lionhead Holdings*, No. 3:10-CV-1467-D, 2012 WL 2680022 (N.D. Tex. July 6,
    2012) (Fitzwater J.) ..................................................................................................... 11

*Bradley v. Armstrong Rubber Co.*, 130 F.3d 168 (5th Cir. 1997) ..................................... 10

*Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360 (5th Cir. 2003) ................................... 23

*Bruszewski v. United States*, 181 F.2d 419 (3rd Cir.) ....................................................... 14

*Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115 (S.D.N.Y.1986), aff'd, 822 F.2d 14
    (2d Cir.1987) ............................................................................................................... 15

*Campbell Harrison & Dagley v. Hill*, No. 3:10-CV-02269-L-BK, 2016 WL 8674679
    (N.D. Tex. Aug. 19, 2016), report and recommendation adopted as modified sub nom.
    Campbell Harrison & Dagley L.L.P. v. Hill, No. 3:10-CV-2269-L, 2016 WL 8669849
    (N.D. Tex. Sept. 30, 2016), amended sub nom. *Campbell Harrison & Dagley v. Hill*,
    No. 3:10-CV-2269-L-BK, 2017 WL 5649604 (N.D. Tex. Jan. 27, 2017) and aff'd sub
    nom. *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 Fed.
    Appx. 192 (5th Cir. 2018) ........................................................................................... 24

*Chavers v. Hall*, 2011 WL 2457943 (S.D. Tex. June 16, 2011) ....................................... 15

*Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004) .................................. 18

*Ellis v. Amex Life Ins. Co.*, 211 F.3d 935 (5th Cir. 2000) .................................................. 9

*Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir.1993) .......................... 23

*Foster v. Hallco Mfg. Co.*, 947 F.2d 469 (Fed.Cir.1991) .................................................. 9

*Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir.1972) ........................................................ 15

*Glatzer v. Skilling*, No. 4:16-CV-1449, 2017 WL 1487675 (S.D. Tex. Feb. 23, 2017) .... 14

*Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743 (5th Cir. 1994) .................. 16

*Hammervold v. Blank,* No. 4:20-CV-165, 2020 WL 4535914 (E.D. Tex. Aug. 6, 2020),
    rev'd and remanded, 3 F.4th 803 (5th Cir. 2021) ........................................................ 15

*Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986) ................................... 14

*Hosp. House, Inc. v. Gilbert*, 298 F.3d 424 (5th Cir. 2002) ............................................. 20

*Howell v. Hydrocarbons, Inc. v. Adams,* 897 F.2d 183 (5th Cir. 1990) ............................ 12

*IMP Int'l v. Zibo Zhongshi Green Biotech Co.*, No. EDCV 14-1339 JGB (DTBx), 2015 WL 13357602 (C.D. Cal. Mar. 20, 2015)...................................................... 15

*In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999)......................................... 22

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007)...................................... 9

*In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999)................................................... 9, 10

*In re Testmasters Trademark Litig.*, No. 4:04-MD-1646, 2006 WL 8445513 (S.D. Tex. Sept. 28, 2006), aff'd sub nom. *Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 F. App'x 399 (5th Cir. 2008)................................................................. 14

*In re United Operating, LLC*, 540 F.3d 351 (5th Cir. 2008)............................................ 22

*In re W. Tex. Mktg. Corp.*, 12 F.3d 497 (5th Cir.1994)................................................... 23

*In re Waggoner Cattle, LLC*, No. 18-20126-RLJ-11, 2022 WL 5264707 (Bankr. N.D. Tex. Apr. 28, 2022) ............................................................................ 9

*Kahn v. Ripley*, 772 F. App'x 141 (5th Cir. 2019) (per curiam)........................................ 9

*Kaspar Wire Works, Inc. v. Leco Eng'g and Mach., Inc.*, 575 F.2d 530 (5th Cir.1978)... 10, 23

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)............................. 20, 21

*Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322 (1955).......................................... 10

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221 (10th Cir. 2017)...... 15

*Lintz v. Credit Adjustments, Inc.*, No. 07-11357, 2008 WL 835824 (E.D. Mich. Mar. 28, 2008) ..................................................................................................... 15

*Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960 (3d Cir.1991)........................................... 14

*Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616 (Fed. Cir. 1995)............... 14

*McLaughlin v. Bradlee*, 599 F. Supp. 839 (D.D.C.1984), aff'd, 803 F.2d 1197 (D.C.Cir.1986) ............................................................................................ 15

*Meza v. Gen. Battery Corp.*, 908 F.2d 1262 (5th Cir. 1990) ...........................................9, 11

*Mohamed v. Univ. of Texas Sw. Med. Ctr.*, No. 3:23-CV-2705-G-BN, 2024 WL 3862800 (N.D. Tex. May 23, 2024), report and recommendation adopted sub nom. *Mohamed v. Univ. of Texas Sw. Med. Ctr.*, No. 3:23-CV-2705-G-BN, 2024 WL 3869430 (N.D. Tex. Aug. 19, 2024) .............................................................................. 9

*Morawski v. Farmers Texas Cnty. Mut. Ins. Co.*, No. 2:13-CV-00102-JRG, 2014 WL 991573 (E.D. Tex. Mar. 11, 2014) .............................................................. 20

*Nevada v. United States*, 463 U.S. 110 (1983)................................................................. 10

*New York Life Ins. Co. v. Deshotel,* 946 F. Supp. 454 (E.D. La. 1996), aff'd, 142 F.3d 873 (5th Cir. 1998)........................................................................ 12, 14, 18

*Nystrom v. Trex Co.*, 580 F.3d 1281 (Fed.Cir.2009).......................................................... 9

*Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398 (5th Cir. 2009) ................................. 20, 23

*Oyekwe v. Research Now Grp., Inc.*, 542 F.Supp.3d 496 (N.D. Tex 2021) ............... 13, 14

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385 (5th Cir. 2004)............................... 9, 10

*Plotner v. AT&T Corp.*, 224 F.3d 1161 (10th Cir. 2000)................................................... 15

*Preston v. Mariner Health Care Mgmt. Co.*, 388 F. App'x 424 (5th Cir. 2010) ............... 22

*R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178 (1st Cir. 2006) ...................................11

*Reneker v. Offill*, No. 3:08-CV-1394-D, 2012 WL 2158733 (N.D. Tex. June 14, 2012)
(Fitzwater, J.) ...............................................................................................11, 17

*Ries v. Paige (In re Paige)*, 610 F.3d 865 (5th Cir. 2010)................................................ 9

*Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 Fed. Appx. 399 (5th Cir.2008)
............................................................................................................11, 17

*Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169 (5th Cir. 1992)..................... passim

*Sacks v. Tex. S. Univ.*, 83 F.4th 340 (5th Cir. 2023) .......................................... 9

*Saudi v. V. Ship Switzerland, S.A.*, 93 F. App'x 516 (4th Cir. 2004)................................ 15

*Seven Networks, LLC v. Motorola Mobility LLC*, 2022 WL 426589 (N.D. Tex. 2022)... 22,
23

*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512 (5th Cir. 2016) ........................ 18

*Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84 (5th Cir. 1977) ..........11, 12, 13, 14

*Taylor v. Sturgell*, 553 U.S. 880 (2008) ......................................................................11, 12

*Test Masters Educ. Servs. v. Singh*, 428 F.3d 559 (5th Cir. 2005) .................... 9, 10, 17, 18

*Ullmann v. OBMI Miami, Inc.*, No. 3:23-CV-1772-B, 2024 WL 2970054 (N.D. Tex. June
12, 2024) ............................................................................................... 25

*Universitas Educ., LLC v. Benistar*, No. 3:20-CV-00738 (JAM), 2021 WL 965794 (D.
Conn. Mar. 15, 2021) ....................................................................................11, 15

*Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700 (5th Cir. 2005)............................. 23

*W. Coast Distrib., Inc. v. Pearce*, No. 3:07-CV-1869-O, 2010 WL 145283 (N.D. Tex. Jan.
14, 2010) .............................................................................................. 13

*Wallace v. JP Morgan Chase Bank, N.A.*, No. 13-13862, 2014 WL 4772029 (E.D. Mich.
Sept. 24, 2014) ...................................................................................... 15

*Waller v. Hanlon*, 922 F.3d 590 (5th Cir. 2019)..................................................... 9

*Welsh v. Correct Care, LLC*, No. 5:17-CV-095-BQ, 2020 WL 854244 (N.D. Tex. Jan. 30,
2020), report and recommendation adopted, No. 5:17-CV-095-C, 2020 WL 836835
(N.D. Tex. Feb. 20, 2020), aff'd sub nom. *Welsh v. McLane*, No. 20-10412, 2021 WL
5313626 (5th Cir. Nov. 15, 2021) ........................................................... 13, 15

## Other Authorities

18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4449
(1981)...................................................................................................... 14

Allan D. Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L. Rev. 27 (1964).11,
13

## Rules

Fᴇᴅ. R. Cɪᴠ. P. 12(f) ........................................................................................... 24

Defendant James Dondero ("<u>Defendant</u>" or "<u>Dondero</u>") files this *Response* (the "<u>Response</u>") to *Plaintiffs' Objection to Report and Recommendation to the District Court that It Grant Dondero's Motion for Judgment on the Pleadings and "Supplemental" Motion for Summary Judgment and Dismiss with Prejudice all Remaining Counts Against Dondero* (the "<u>Objection</u>").[1]

## I.   SUMMARY

1.      This is the second objection Acis has filed to a report and recommendation from the Bankruptcy Court in this case, recommending dismissal of Acis's claims under res judicata. The Bankruptcy Court's basis is rooted in the two judgments of dismissal with prejudice (the "<u>Dismissals with Prejudice</u>") it entered in Acis's prior adversary proceeding against the Highland Entities (the "<u>Prior Acis Action</u>").[2]

2.      On October 15, 2024, the Bankruptcy Court entered a report and recommendation that Acis's Counts 3 and 5, which were the subject of Dondero's pending Motion to Dismiss, should be dismissed under res judicata (the "<u>First R&R</u>").[3]

3.      On January 6, 2025, this Court adopted the First R&R and held that res judicata barred Counts 3 and 5 because: (1) the Dismissals with Prejudice in the Prior Acis Action were final judgments on the merits; (2) Dondero and the Highland Entities were in privity; and (3) the Prior Acis Action and this current adversary (the "<u>Current Acis Action</u>") arise from the same nucleus of operative facts (the "<u>First DC Order</u>").[4]

---

[1] Dkt. 243 (Objection) and 244 (Brief ISO).
[2] Adversary No. 18-3078.
[3] Dkt. 188.
[4] DCT Dkt. 13.

---

4.       On January 27, 2025, the Bankruptcy Court entered another report and recommendation, recommending that the remainder of Acis's claims against Dondero be dismissed for the same reasons (the "Second R&R").[5]

5.       Acis timely objected to the Second R&R. However, while Acis provides some new labels, it makes the same arguments that it unsuccessfully made in its objection to the First R&R. The chart below identifies these overlapping arguments:

| Acis's Previously Rejected Arguments | Acis's Objection to First R&R[6] | Acis's Reply ISO Objection to First R&R[7] | Acis's Objection to Second R&R[8] |
|---|---|---|---|
| **Dondero and the Highland Entities are not in privity.** | | | |
| 1.       Under *Meza*, there are only three circumstances that allow for privity. | pp. 14-16 | pp. 4-6 | pp. 10-15 |
| 2.       An alter ego allegation is insufficient to satisfy the privity requirements. | pp. 17-18 | pp. 7-8 | pp. 15-17 |
| 3.       Even if Dondero was in privity with Highland at one point, he was not in privity at the time of the Dismissals with Prejudice. | pp. 13-14 | | pp. 13-14 |
| 4.       The Restatement (Second) of Judgments precludes res judicata for a consent judgment. | pp. 18-19 | pp. 8-10 | pp. 23-25 |
| 5.       Public policy prevents the application of res judicata. | p. 19 | | pp. 24-25 |
| **The Prior Acis Action and the Current Acis Action did not involve the same claims.** | | | |

---

[5] Dkt. 239.
[6] Dkt. 201/DCT Dkt. 8.
[7] DCT Dkt. 12-1, 14.
[8] Dkt. 243 (Motion) and 244 (Brief ISO).

| 1.       The Dismissals with Prejudice incorporate the Settlement Agreement. | pp. 10-13 | pp. 2-4 | pp. 19-20 |
| 2.       The Parties' expectations (*e.g.*, the Plan, the Settlement Agreements, and Dondero's failure to raise the issue earlier) demonstrate that they were not the same claims. | pp. 3-6, 8-14 | | pp. 20-22 |

6.    Regardless, no matter how Acis tries to repackage its arguments, the fact remains: Acis previously alleged that the Highland Entities and Dondero were alter egos of each other – *i.e.*, ***legally indistinguishable and the same party***, exerting full and total control over their other alter ego, Acis. Acis then dismissed with prejudice "***[a]ll of the claims*** that were brought, or ***could have been brought***, by and between, and ***on behalf of*** (i) ***Acis and its estate***, and (ii) Defendant Highland CLO Funding, Ltd f/k/a Acis Loan Funding, Ltd."[9] in the Prior Acis Action—without expressly reserving claims against Dondero or expressly incorporating any purported settlement agreement into those final judgments.

7.    Consequently, this Court should, consistent with its First DC Order, adopt the Second R&R and dismiss Acis's remaining claims against Dondero with prejudice.

## II.    BACKGROUND

8.    In this Current Acis Action, Acis sued Dondero for breach of fiduciary duty as the President of Acis GP and as the President of Highland Capital Management, LP. Specifically, Acis alleges that Dondero breached his fiduciary duty to Acis through a "fraudulent scheme" involving seven transactions: (1) purported overpayments under the Sub-Advisory and Shared Services Agreements; (2) the ALF PMA Transfer; (3) the ALF Share Transfer; (4) the Note Transfer; (5) the 2017-7 Equity transfer; (6) the 2017-7

---

[9] *See* Dkt. 188 at p. 38.

Agreements transfer; and (7) the thwarted Universal/BVK Agreement (the "<u>Transactions</u>"). Additionally, Acis alleged that Dondero was the alter ego of Acis and various Highland Entities (defined below) and sought to hold Dondero liable for the Highland Entities' conduct. For example, Acis alleges:[10]

> 2.   As he orchestrated this scheme, like a puppet master, Dondero completely controlled Highland Capital, its affiliates, and those who did his dirty work. Dondero *is* Highland Capital, and through it he pulls the strings for the rest of the Highlands. He is their alter ego.

> 18.   On June 20, 2019, Acis filed its *Second Amended Complaint (Including Claim Objections and Objections to Administrative Expense Claim)* (the "<u>Second Amended Complaint</u>") in Adversary No. 18-03078 (the "<u>Highland Adversary</u>"), in which Acis asserted numerous claims, counterclaims, and third-party claims against Highland Capital, Highland CLO Funding, Ltd. ("<u>Highland Funding</u>"), Highland Advisor, Highland CLO Management, Ltd. ("<u>HCLOM</u>"), and Highland CLO Holdings, Ltd. ("<u>Highland Holdings</u>," and, collectively with Highland Capital, Highland Funding, Highland Advisor, and Highland Management, the "<u>Highlands</u>") in connection with, *inter alia*, the Highlands' scheme, at the direction of Dondero (as both President of Acis GP and President of Highland Capital) and in coordination with the other Defendants, to fraudulently transfer Acis LP's assets to the Highlands and otherwise appropriate the business of Acis LP.[4] *See* Adv. No. 18-03078, Docket No. 157.

9.      However, in the Prior Acis Action, Acis previously sued Highland Capital Management, LP ("<u>Highland Capital</u>"); Highland CLO Funding, Ltd. ("<u>Highland Funding</u>"); Highland HCF Advisor, Ltd. ("<u>Highland Advisor</u>"); Highland CLO Management, Ltd. ("<u>HCLOM</u>"); and Highland CLO Holdings, Ltd. ("<u>Highland Holdings</u>") (collectively, the "<u>Highland Entities</u>") ***for the exact same allegations, Transactions, and "fraudulent scheme"***. For simplicity, Dondero will generally refer to Acis's allegations of wrongdoing (including the associated Transactions) in both the Prior Acis Action and the

---

[10] Dkt. 111, ¶¶ 2 and 18; *see also id.* at ¶¶ 1, 3, 24, 53, 58, 59, 65, 92, 95, 96, 130-131, 144, and at p. 51 (prayer for relief).

Current Acis Action as the "<u>Alleged Fraudulent Scheme</u>."

10.    In the Prior Acis Action, Acis asserted fraudulent transfer, breach of fiduciary duty, and tortious interference claims against the Highland Entities in connection with the Transactions, as well as claims for post-petition conduct that allegedly violated the automatic stay. Acis also asserted various claims against the Highland Entities for conspiracy and aiding abetting Dondero's breach of fiduciary duty to Acis.[11]

11.    Notably, in both the Prior Acis Action and the Current Acis Action, Acis alleged that Dondero, through the Highland Entities and Acis: (1) masterminded the Alleged Fraudulent Scheme to transfer assets out of Acis; and (2) was the "alter ego" of both Acis and the Highland Entities[12] (and in another adversary proceeding that "Dondero effectively _**was**_ Acis and Highland").[13] These conclusions are apparent on the face of the pleadings.

12.    For example, in the Prior Acis Action, Acis alleged:[14]

- Dondero, Highland and Acis were alter egos of each other.[15]

- Dondero controlled Highland Capital and Acis.[16]

- Highland Capital had "absolute operational and financial control of Acis."[17]

- Dondero directed, either himself or though Highland Capital employees, all

---

[11] _See_ Prior Acis Action, Dkt. 157 (Acis's Second Amended Complaint) at pp. 73-74; Dkt. 84 at pp. 59-67.
[12] _See_ Dkt. 188 (the Report and Recommendation) at p. 6.
[13] _See_, Dkt. 53 at p. 4 (emphasis in original), _Acis Capital Management, L.P., et al. v. Simek_, Adversary No. 20-03059-SGJ, in the United States Bankruptcy Court for the Northern District of Texas.
[14] _See_, _e.g._, Prior Acis Action, Dkt. 84 at ¶ 34 ("Highland Capital is … an Affiliate of Acis GP and Acis LP. Further, Highland Capital is … an insider of Acis GP and Acis LP."); ¶ 45; ¶¶ 208-215 (conspiracy to breach fiduciary duty) and ¶¶ 217-222 (aiding and abetting breach of fiduciary duty); ¶ 244 (Highland Entities "are also the alter ego of the Debtors."); ¶ 270 ("During the time it completely dominated control of Acis, Highland Capital clearly engaged in abundant inequitable conduct related to Acis, as well as conferring numerous unfair advantages to itself, that resulted in injury to Acis's creditors."); _see also_, _e.g._, the Prior Acis Action, Dkt. 157 (Second Amended Complaint), including at ¶ 43; ¶ 52 ("… right before Highland Capital began its campaign to denude Acis LP and take over its business..."); ¶ 60; ¶ 93; ¶ 104; ¶ 123 ("… Highland Capital's absolute operational and financial control of Acis...."); ¶¶ 246-250; ¶ 270 ("The Highlands, led by Highland Capital and Dondero …."); ¶ 275; ¶ 314; ¶¶ 324-325; and ¶¶ 338-339.
[15] Prior Acis Action, Dkt. 157 at ¶ 275.
[16] Prior Acis Action, Dkt. 84 at ¶ 262.
[17] Prior Acis Action, Dkt. 84 at ¶ 79.

---

actions taken by Acis.[18]

> 29.    Prior to entry of the Order for Relief, Dondero directed, either himself or through Highland Capital employees, all actions taken by Acis. *See* Opinion ¶ 30.

- Highland Capital, Dondero, and various of "*__their__* affiliates and insiders" entered into the Transactions.[19]

> 74.    Finally, as the Court has already found and as described in more detail below, Highland Capital, Dondero, and various of their affiliates and insiders (including Highland Funding, Highland Advisor and Highland Holdings) entered into numerous other transactions through the Fall of 2017 in an attempt to take control of Acis's assets and effectively take over Acis's business. The combination of all of these actions evidence a clear pattern of behavior by

- Highland Capital was the "ringleader" of the Transactions.[20]

- The Transactions were part of the *Highland Entities'* scheme, and the *Highland Entities* caused the Transactions.[21]

> 52.    After Terry received the Arbitration Award on October 20, 2017, the Highlands immediately began work to systematically transfer the assets of Acis LP to other Highlands.

> 53.    The Highlands' scheme was accomplished through, *inter alia*, the ALF PMA Transfer, the ALF Share Transfer, the Note Transfer, and the transfer of the 2017-7 Equity and the 2017-7 Agreements (as each is defined below), which all occurred in the three months between October 23 and December 19, 2017. Each of these transfers followed the same pattern: Highland Capital caused Acis LP to fraudulently convey valuable economic rights away from Acis LP to offshore (often newly created) Highland Capital affiliates that were not subject to Terry's Arbitration Award and judgment, thus, safely remaining under the control of Highland Capital and Dondero. Further, the only alleged consideration for these transfers, to the extent

- Dondero was part of the "Highland Enterprise" that engaged in the

---

[18] Prior Acis Action, Dkt. 84 at ¶ 29; Dkt. 157 at ¶ 55; *see id.* (alleging Dondero testified that he had decision making authority for Acis).
[19] Prior Acis Action, Dkt. 84 at ¶ 47; and Dkt. 157 at ¶ 74.
[20] Prior Acis Action, Dkt. 84 at ¶ 237.
[21] Prior Acis Action, Dkt. 84 at ¶¶ 52-53; Dkt. 157 at ¶¶ 79-80.

Transactions. [22]

> 202.  The Highlands, Dondero and Waterhouse (collectively, the "Highland Enterprise")[22] sought to engage in a series of fraudulent transfers and other fraudulent schemes, including the ALF PMA Transfer, the ALF Share Transfer, the Note Transfer, the 2017-7 Equity transfer, the 2017-7 Agreements transfer and the thwarted Universal/BVK Agreement transfer in order to denude Acis's assets and take over Acis LP's valuable business.

- Acis itself ("under Highland Capital and Dondero's control" actively participated in the Transactions.[23]

> [15] The Debtors were also under Highland Capital and Dondero's control at this time and were active participants in all of Highland Capital and Dondero's schemes to denude the Debtors and make them "judgment proof" as the Debtors' own counsel, Jamie Welton, later boasted. In fact, Highland Funding has admitted that the Debtors were "no more than shell entities" in pleadings recently filed with the Court. Highland Funding's *Motion to Dissolve Preliminary Injunction and Lift the Automatic Stay* at page 21, Docket # 639 in Case No. 18-30264.

13.     As the Court is aware, Acis dismissed with prejudice all of its claims in the Prior Acis Action relating to the Transactions and Alleged Fraudulent Scheme in the two separate stipulated and agreed Dismissals with Prejudice.[24]

14.     The second of the Dismissals with Prejudice, entered on May 6, 2021, dismissed with prejudice "*[a]ll of the claims* that were brought, or *could have been brought*, by and between, and *on behalf of* (i) *Acis and its estate*, and (ii) Defendant Highland CLO Funding, Ltd f/k/a Acis Loan Funding, Ltd.".[25] As this Court has already found, neither of the Dismissals with Prejudice incorporate any purported settlement agreement or contain any express reservations of Acis's claims against Dondero.[26]

15.     On October 15, 2024, the Bankruptcy Court entered the First R&R in the Current Acis Action in connection with a Motion to Dismiss that Dondero filed on Acis's Counts 3

---

[22] Prior Acis Action, Dkt. 84 at ¶ 202.
[23] Prior Acis Action, Dkt. 84, p. 15 n. 7; and Dkt. 157 at p. 24 n. 15.
[24] *See* Dkt. 188 (the Report and Recommendation) at p. 38.
[25] *Id.*
[26] The First DC Order.

and 5 and recommended those claims be dismissed based upon res judicata.[27] In the First R&R, the Bankruptcy Court found that: (1) Dondero and the Highland Entities were in privity in the Prior Acis Action; (2) the Dismissals with Prejudice are final judgments on the merits; (3) the Bankruptcy Court had jurisdiction over the Prior Acis Action; and (4) under the Transaction Test, the same claim or cause of action was involved in both the Prior Acis Action and the Current Acis Action.[28] On January 6, 2025, this Court adopted the First R&R in the First DC Order.

16.     On November 18, 2024 (after the First R&R, but before the First DC Order adopting same) Dondero filed his *Motion for Judgment on the Pleadings Pursuant to FED. R. CIV. P. 12(c) and Supplemental Motion for Judgment as a Matter of Law Under Rule 56* (the "Rule 12 and Rule 56 Motion"), seeking to have Acis's remaining claims dismissed under the doctrine of res judicata.[29]

17.     On January 27, 2025, the Bankruptcy Court entered the Second R&R, recommending that this Court grant Dondero's Rule 12 and Rule 56 Motion and dismiss the remaining claims against Dondero with prejudice.[30]

18.     On February 10, 2025, Acis filed its Objection to the Second R&R, asserting, yet again, that: (1) Dondero and Highland are not in privity; (2) Acis's claims against Dondero are based upon different facts; (3) the Restatement limits the effect of consent judgments; and (4) Dondero waived any res judicata defense. Like Acis's arguments in its objection to the First R&R, these duplicative arguments are likewise without merit.

---

[27] *Id.* at p. 47-48.
[28] Dkt. 188.
[29] Dkt. 210 (Motion) and 211 (Brief ISO).
[30] Dkt. 239.

### III.   ARGUMENT & AUTHORITIES

#### A.  Legal Standard for a Motion Under FED. R. CIV. P. 12(c)

19.      "The standard for Rule 12(c) motions for judgment on the pleadings is identical to

the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim."[31] The Court

"accepts all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff."[32] Where a court's ruling on a Rule 12(c) motion turns on Rule 12(b)(6)'s legal

standards, "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent

from the pleadings and judicially noticed facts."[33]

#### B.  Acis's Claims are Barred by Res Judicata.

20.      "The preclusive effect of a prior federal court judgment is controlled by federal res

judicata rules."[34] "True" res judicata is a claim preclusion doctrine,[35] under which "a final

judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action."[36] "In the simplest construct,

[claim preclusion bars] the re-litigation of a claim, or cause of action, or any possible

defense to the cause of action which is ended by a judgment of the court."[37] Claim

preclusion applies "whether the judgment of the court is rendered after trial and imposed

---

[31] *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019); *In re Waggoner Cattle, LLC*, No. 18-20126-RLJ-11, 2022 WL 5264707, at *1 (Bankr. N.D. Tex. Apr. 28, 2022).

[32] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007); *Mohamed v. Univ. of Texas Sw. Med. Ctr.*, No. 3:23-CV-2705-G-BN, 2024 WL 3862800, at *1 (N.D. Tex. May 23, 2024), report and recommendation adopted sub nom. *Mohamed v. Univ. of Texas Sw. Med. Ctr.*, No. 3:23-CV-2705-G-BN, 2024 WL 3869430 (N.D. Tex. Aug. 19, 2024).

[33] *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 591 (5th Cir. 2020) (cleaned up; quoting *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (per curiam)); accord *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023); *Mohamed v. Univ. of Texas Sw. Med. Ctr.*, 2024 WL 3862800, at *1.

[34] *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); accord *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990).

[35] *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

[36] *Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 n.1 (5th Cir. 2010) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis added); *see also Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999))).

[37] *Nystrom v. Trex Co.*, 580 F.3d 1281, 1284–85 (Fed.Cir.2009) (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 476 (Fed.Cir.1991)).

by the court or the judgment is entered upon the consent of the parties."[38] And claim preclusion bars both claims that were brought, ***as well as those that <u>could have been brought</u>***[39] "or ***should have been raised*** in an earlier suit."[40]

21.    There are four elements that must be met for a claim to be barred by res judicata: (1) the parties in both the prior suit and current suit must be identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[41] For purposes of its objection, Acis challenges elements (1) and (4).

22.    Taking all of Acis's allegations as true, all four elements to establish res judicata are met here and bar Acis's claims against Dondero in the Current Acis Action (as this Court has already found).

### 1. Element 1: Dondero was, in effect, a party in the Prior Acis Action or, at a minimum, in privity with the Highland Entities in the Prior Acis Action.

23.    To satisfy the identity element, strict identity of parties is not necessary. A non-party defendant can assert res judicata so long as it is in "privity" with the named defendant.[42] "Parties in privity ***count as identical parties*** for federal res judicata purposes."[43] "Privity" is a ***broad concept*** that requires courts to look to the surrounding circumstances to

---

[38] *See, e.g., Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 327 (1955); *Kaspar Wire Works, Inc. v. Leco Eng'g and Mach., Inc.*, 575 F.2d 530, 538–39, 198 USPQ 513, 518–19 (5th Cir.1978).
[39] *Test Masters*, 428 F.3d at 571; *Petro–Hunt, L.L.C.*, 365 F.3d at 395 (quoting *In re Southmark Corp.*, 163 F.3d at 934).
[40] *Test Masters*, 428 F.3d at 571 (emphasis added).
[41] *Petro–Hunt, L.L.C.*, 365 F.3d at 395.
[42] *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) (citing *Nevada v. United States*, 463 U.S. 110, 129 (1983); *Baylor v. HUD*, 913 F.2d 223, 225 (5th Cir. 1990)).
[43] *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997).

determine whether claim preclusion is justified.[44] Ultimately, the rule is that parties who are "sufficiently related to merit the application of claim preclusion are in privity."[45]

24.      As a preliminary matter, taking Acis's allegations as true, Dondero and the Highland Entities **_were identical parties under the law_**.[46] Acis alleged that: Dondero **_was_** the Highland Entities and Acis – masterminding and controlling all; there was no distinction between the Highland Entities, Acis and Dondero and Acis; and the Highland Entities and Dondero were each the alter egos of the other (and Acis). Courts have repeatedly and logically held that plaintiffs cannot have it both ways: if a defendant, as an alleged alter ego, is in privity for alter ego purposes it is in privity for res judicata purposes because alleged alter egos are treated **_as one_**.[47] Therefore, Dondero and the parties to the Prior Acis Action were identical or, at a minimum, in privity based upon alter ego. Further, Acis's arguments regarding privity misapply the law.

25.      **_First_**, contrary to Acis's assertion, privity is **_not_** limited to just the three narrow grounds. Neither *Taylor v. Sturgell*[48] nor *Meza v. Gen. Battery Corp.*,[49] the two main cases

---

[44] *Russell*, 962 F.2d at 1173–74.

[45] *Boyte v. Lionhead Holdings*, No. 3:10-CV-1467-D, 2012 WL 2680022, at *3 (N.D. Tex. July 6, 2012) (Fitzwater J.) (citing *Russell*, 962 F.2d at 1174 (stating that parties need only be "sufficiently related to merit the application of claim preclusion")); *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc*., 546 F.2d 84, 95 (5th Cir. 1977) (quoting Allan D. Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L. Rev. 27 (1964)) ("privity "represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'").

[46] *Reneker v. Offill*, No. 3:08-CV-1394-D, 2012 WL 2158733, at *18 (N.D. Tex. June 14, 2012) (Fitzwater, J.) ("The effect of applying the alter ego doctrine is that the entity and the alter ego **_are treated as one person_**, so that any act committed by one is attributed to both, and if either is bound, by contract, judgment, or otherwise, both are equally bound."); *see also Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc*., 274 Fed. Appx. 399, 400 n. 1 (5th Cir.2008) (per curiam).

[47] *See, e.g., Universitas Educ., LLC v. Benistar*, No. 3:20-CV-00738 (JAM), 2021 WL 965794, at *12 (D. Conn. Mar. 15, 2021); *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 186 (1st Cir. 2006) ("[W]e do not see how R–G Premier Bank and R.G. Financial can be tied so closely to R & G Mortgage's actions for purposes of the counterclaim and yet, at the same time, be considered distinct from R & G Mortgage for purposes of the res judicata analysis. Vergara simply cannot have it both ways: either the R–G companies are in privity with one another for both liability and res judicata purposes, or they are not in privity for either purpose.").

[48] *Taylor v. Sturgell*, 553 U.S. 880 (2008).

[49] 908 F.2d 1262, 1266 (5th Cir. 1990).

---

Acis cites for this proposition, hold that privity is limited to three circumstances.[50] In *Taylor*, the United States Supreme Court recognized at least six relationships that justified a finding of privity and expressly noted that the six categories identified "meant only to provide a framework ... ***not to establish a definitive taxonomy***."[51]

26.     Acis cites *Meza* for its statement that the Fifth Circuit "has held that privity exists in just three, narrowly defined circumstances." However, *Meza* did not actually make any holding related to the types of circumstances that justify privity. Instead, *Meza* merely recounted holdings in *Howell v. Hydrocarbons, Inc. v. Adams*[52] and *Southwest Airlines Co. v. Texas Intern. Airlines, Inc.*,[53] which do not stand for the proposition that privity only exists in three circumstances. Instead, the Fifth Circuit in both *Howell* and *Southwest Airlines Co.*, actually held that privity was "deemed" as a matter of law to be sufficiently close under those three instances.[54] They do not hold that those three circumstances are the ***exclusive*** grounds for privity. The Fifth Circuit has recognized that "[i]n itself, 'the term privity ... does not state a reason for either including or excluding a person from the binding

---

[50] Brief at p. 11.

[51] *Taylor*, 553 U.S. 880, 893 n.6 (2008) (emphasis added).

[52] 897 F.2d 183 (5th Cir. 1990).

[53] 546 F.2d 84 (5th Cir. 1977).

[54] *Howell v. Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 189 (5th Cir. 1990) ("A non-party ***is in privity*** with a party for res judicata purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the prior litigation; or (3) if the party adequately represented his interests in the prior proceeding."); *Sw. Airlines Co.*, 546 F.2d at 95 ("Federal courts ***have deemed several types of relationships "sufficiently close"*** to justify preclusion. First, a non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party. Second, a non-party who controlled the original suit will be bound by the resulting judgment. Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit.") (internal citations omitted); *see also New York Life Ins. Co. v. Deshotel,* 946 F. Supp. 454, 463 (E.D. La. 1996), aff'd, 142 F.3d 873 (5th Cir. 1998) ("There are ***three generally recognized categories*** of nonparties who are considered to be in privity with a party to a prior action: (1) a nonparty who controls the original action; (2) a successor-in-interest to a prior party; and (3) a nonparty whose interests were adequately represented by a party to the original action."); *see also Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir.1987). (Analyzing the privity issue first, the Court notes that the Fifth Circuit has established the three situations in which a party "***will be considered in privity***, or sufficiently close to a party in the prior suit so as to justify preclusion...." and "[f]or privity, '[f]ederal courts ***have deemed' three 'types of relationships*** "***sufficiently close***" to justify preclusion' …").

effect of a prior judgment, but rather it represents a legal conclusion that the relationship

between the one who is a party on the record and the non-party is sufficiently close to afford

application of the principle of preclusion.'"[55]

27.     Moreover, since *Meza* (which, notably, dealt with nonmutual claim preclusion

where a defendant attempted to preclude ***a different plaintiff*** from filing new suit against

the same defendant), the Fifth Circuit and other courts across the country have reiterated

that, while privity is "deemed" in those three circumstances, it is a ***broad, fact-intensive***

***concept*** that requires courts to look to the surrounding circumstances to determine whether

claim preclusion is justified in each case.[56]

28.     For example, courts since *Meza*, including this Court, have recognized that:

- *Meza* provides circumstances in which parties may "***generally***" be deemed to be in privity ***as a matter of law***;[57]

- "Parties which are ***sufficiently related*** to merit the application of claim preclusion are in privity;"[58]

- Privity is often found in circumstances beyond those that would have traditionally given rise to privity because, today, privity "is nothing more than a legal conclusion that the relationship between the one who is a party on the record and the non-party is ***sufficiently close to afford application of the principle of preclusion***;"[59]

- "***[T]he privity label simply expresses a conclusion that preclusion is proper***" as "the preclusive effects of judgments have been expanded to include nonparties ***in more and more situations***;"[60] and

---

[55] *Sw. Airlines Co.*, 546 F.2d at 95 (quoting Allan D. Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L. Rev. 27 (1964)).

[56] *Russell*, 962 F.2d at 1173–74 (stating that parties need only be "sufficiently related to merit the application of claim preclusion") (quoting *Sw. Airlines Co.*, 546 F.2d at 95).

[57] *W. Coast Distrib., Inc. v. Pearce*, No. 3:07-CV-1869-O, 2010 WL 145283, at *3 (N.D. Tex. Jan. 14, 2010); *Oyekwe v. Research Now Grp., Inc.*, 542 F.Supp.3d 496, 507 (N.D. Tex 2021).

[58] *Russell*, 962 F.2d at 1174.

[59] *Welsh v. Correct Care, LLC*, No. 5:17-CV-095-BQ, 2020 WL 854244, at *10–11 (N.D. Tex. Jan. 30, 2020), report and recommendation adopted, No. 5:17-CV-095-C, 2020 WL 836835 (N.D. Tex. Feb. 20, 2020), aff'd sub nom. *Welsh v. McLane*, No. 20-10412, 2021 WL 5313626 (5th Cir. Nov. 15, 2021) (emphasis added).

[60] *Russell*, 962 F.2d at 1173 (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure:

---

- "A ***lesser degree of privity*** is required ***for a new defendant*** to benefit from claim preclusion ***than for a plaintiff to bind a new defendant*** in a later action."[61]

29.     Post-*Meza*, the Fifth Circuit has declined to make any broad pronouncements as to the extent of privity and, instead, has maintained that the analysis is whether parties which are sufficiently related to merit the application of claim preclusion are in privity.[62] In short, the privity requirement necessitates a close factual examination of the relationships of the parties and represents a judgment call by the Court concerning the appropriateness of preclusion in light of those relationships.[63]

30.     Because of this, courts have continued to examine the relationships between the parties as part of a privity analysis and have found privity beyond the three grounds set forth in *Meza*, including where the parties are agents, officers of defendant entities, co-conspirators and, as this Court previously acknowledged, alleged alter egos.[64]

---

Jurisdiction § 4449, at 418–19 (1981) (emphasis added); *see also Southwest Airlines Co.*, 546 F.2d at 95 (privity is nothing more than a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion") (citation omitted), cert. denied, 434 U.S. 832, 98 S. Ct. 117, 54 L.Ed.2d 93 (1977); *Bruszewski v. United States*, 181 F.2d 419, 423 (3rd Cir.) (Goodrich, J., concurring) ("Privity … is merely a word to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."), *1174 cert. denied, 340 U.S. 865, 71 S. Ct. 87, 95 L. Ed. 632 (1950)).

[61] *In re Testmasters Trademark Litig*., No. 4:04-MD-1646, 2006 WL 8445513, at *7 (S.D. Tex. Sept. 28, 2006), aff'd sub nom. *Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc*., 274 F. App'x 399 (5th Cir. 2008) (quoting *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995)); *Lubrizol Corp. v. Exxon Corp*., 929 F.2d 960, 966 (3d Cir.1991).

[62] *Russell*, 962 F.2d at 1174; *Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279, 1289 (5th Cir. 1989). (holding that, under the circumstances before us, the vicarious liability relationship between Exxon and its two employees justified claim preclusion.)

[63] *New York Life Ins. Co. v. Deshotel*, 946 F. Supp. 454, 463 (E.D. La. 1996), aff'd, 142 F.3d 873 (5th Cir. 1998).

[64] *Glatzer v. Skilling*, No. 4:16-CV-1449, 2017 WL 1487675, at *2 (S.D. Tex. Feb. 23, 2017) (finding privity between someone who, while not a named defendant in the prior lawsuit, was alleged in the prior lawsuit to be a co-conspirator); *In re Testmasters Trademark Litig*., No. 4:04-MD-1646, 2006 WL 8445513, at *7 (S.D. Tex. Sept. 28, 2006), aff'd sub nom. *Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc*., 274 F. App'x 399 (5th Cir. 2008) (finding privity with a non-party in a subsequent suit, where: (1) "the sole material change in the later suit was the addition of certain defendants, some of whom had been named in the original complaint as participating in the conspiracy, but had not been named as parties defendant at that time," (2) the new defendants in the second action had similar alignment of interests; and (3) the second complaint mirrored that of the first); *Oyekwe*, 542 F. Supp. 3d at 507-508 (finding sufficient "identity of interests" for the purposes of privity based upon the alleged role of the non-party in the party's alleged wrongdoing);

---

31.    Here, this Court has already found that Acis and Dondero were in privity. Regardless, Acis's allegations, as set forth above (including in paragraphs 8-12), demonstrate that Dondero and the Highland Entities were sufficiently related to establish privity.

32.    **Second**, Dondero and Highland were aligned in connection with Acis's claims against Highland and Dondero, and Dondero was adequately represented by Highland in the Prior Acis Action. Indeed, Dondero and the Highlands were in complete alignment of interests in defending the allegations the Prior Acis Action. Indeed, as described above, Acis alleged they were **one in the same**.

33.    Further, Highland had a clear interest in disproving any claim that Dondero breached any duty in connection with the Transactions because, among other things, Acis

---

*Hammervold v. Blank,* No. 4:20-CV-165, 2020 WL 4535914, at *7 (E.D. Tex. Aug. 6, 2020), rev'd and remanded, 3 F.4th 803 (5th Cir. 2021) (reversed on other grounds) ("Mr. Hammervold's complaint and motions indicate that Jewelers Mutual, Diamond Consortium, and Mr. Blank acted **of one mind** in prosecuting the underlying lawsuit—with Diamond Consortium and Mr. Blank filing the suit itself, and Jewelers Mutual **aiding, abetting, encouraging, supporting, and financing the same**. It is, therefore, unsurprising that Mr. Hammervold does not contest Jewelers Mutual's assertion of privity—**that is effectively his theory of the case**. Accordingly, … Mr. Blank and Jewelers Mutual are "sufficiently related to merit the application of claim preclusion.") (emphasis added); *Sacks v. Texas S. Univ.*, 83 F.4th 340, 346 (5th Cir. 2023), cert. denied, 144 S. Ct. 2520, 219 L. Ed. 2d 1200 (2024) (privity found based upon a vicarious liability relationship between an employer and employee); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1242–43 (10th Cir. 2017) (finding allegations of privity for purposes of liability establishes privity for res judicata purposes); *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 019CV61509WPDSNOW, 2020 WL 9934410, at *3 (S.D. Fla. Apr. 9, 2020) (finding allegation of alter ego establishes privity for res judicata purposes); *Universitas Educ., LLC v. Benistar*, No. 3:20-CV-00738 (JAM), 2021 WL 965794, at *12 (D. Conn. Mar. 15, 2021); *Wallace v. JP Morgan Chase Bank, N.A.*, No. 13-13862, 2014 WL 4772029 (E.D. Mich. Sept. 24, 2014); *Lintz v. Credit Adjustments, Inc.*, No. 07-11357, 2008 WL 835824 (E.D. Mich. Mar. 28, 2008); *Plotner v. AT&T Corp.*, 224 F.3d 1161 (10th Cir. 2000); *Welsh v. Correct Care, LLC*, No. 5:17-CV-095-BQ, 2020 WL 854244, at *11 (N.D. Tex. Jan. 30, 2020), report and recommendation adopted, No. 5:17-CV-095-C, 2020 WL 836835 (N.D. Tex. Feb. 20, 2020), aff'd sub nom. *Welsh v. McLane*, No. 20-10412, 2021 WL 5313626 (5th Cir. Nov. 15, 2021); *Gambocz v. Yelencsics*, 468 F.2d 837, 842 (3d Cir.1972) (finding privity where "the sole material change in the later suit was the addition of certain defendants, some of whom had been named in the original complaint as participating in the conspiracy but had not been named as parties defendant at that time"); *Chavers v. Hall*, 2011 WL 2457943, at *7 (S.D. Tex. June 16, 2011) (finding privity between co-conspirators); *Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115, 1122–23 (S.D.N.Y.1986), aff'd, 822 F.2d 14 (2d Cir.1987) (same); *McLaughlin v. Bradlee*, 599 F. Supp. 839, 848 (D.D.C.1984), aff'd, 803 F.2d 1197 (D.C.Cir.1986); *see also Saudi v. V. Ship Switzerland, S.A.*, 93 F. App'x 516, 520–21 (4th Cir. 2004) (citing *Robinson*, 56 F.3d at 1275); *see also IMP Int'l v. Zibo Zhongshi Green Biotech Co.*, No. EDCV 14-1339 JGB (DTBx), 2015 WL 13357602, at *4, (C.D. Cal. Mar. 20, 2015).

---

alleged that: (1) The Alleged Fraudulent Scheme was ***Highland's*** scheme; (2) Highland was Dondero's alter ego; (3) Highland controlled Acis; (4) Highland caused and benefitted from the Transactions; (5) Highland aided and abetted and conspired with Dondero; and (6) Dondero, as President and CEO of Highland, controlled Highland (which controlled Acis).

34.     ***Third***, Acis's assertion that "[p]arties who are suing each other cannot be in privity"[65] is not true. The case Acis cites, *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*,[66] does not stand for that blanket proposition. In *Gulf Island-IV*, one of the arguably aligned parties filed a ***crossclaim*** against another ***in the underlying lawsuit*** based upon the alleged transaction at issue. Acis misleadingly attempts to analogize *Gulf Island-IV* to the separate and distinct adversary proceeding that Highland filed against Dondero in the ***Highland*** Bankruptcy, which had nothing to do with Acis, the Transactions, or the claims Acis asserted against the Highland Entities and Dondero in the Prior Acis Action. Notably, at no point in the Prior Acis Action did Highland assert any claim against Dondero or otherwise claim that Dondero, not Highland, was responsible for the Transactions or actions at issue in the Prior Acis Action. Obviously, parties can be aligned one dispute and not aligned in an unrelated issue.

35.     ***Fourth***, while Acis attempts to avoid res judicata by arguing that Dondero did not control Highland at the exact time the Dismissals with Prejudice were entered, Dondero's resignation as an employee of the Highland Entities occurred approximately a month before the Dismissals with Prejudice were filed.

36.     ***Fifth***, Acis's claims do not have to currently "depend" on alter ego for privity to

---

[65] Brief at p. 14.
[66] *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 747 n. 5 (5th Cir. 1994).

exist and for res judicata to bar the claims. As an initial matter, Acis did not previously

make this argument to the Bankruptcy Court. Regardless, Acis misses the point. "The effect

of applying the alter ego doctrine is that the entity and the alter ego ***are treated as one***

***person***, so that any act committed by one is attributed to both, and if either is bound, by

contract, judgment, or otherwise, both are equally bound."[67] As set forth above, in the Prior

Acis Action, Acis alleged that Dondero "was the alleged 'alter ego' of the transferor, Acis,

and also of Highland and the other four Highland-related offshore entities." [68] Acis also

alleged that Highland "controlled Acis" and "caused" the Transactions and Dondero, as

CEO, controlled Highland.[69] Because Acis asserts that Dondero, the Highland Entities, and

pre-petition Acis were alter egos of each other, they were in privity with the each other for

res judicata purposes for any and all claims.

### 2. Element 4: The same claim or cause of action is involved in both the Prior Acis Action and the Current Acis Action.

37.     When determining whether a new case raises the same claims or causes of action

as a prior case, the Fifth Circuit applies a "transactional test."[70] Under that test, the

preclusive effect of a prior judgment extends to all rights the original plaintiff had with

respect to all or any part of the transaction, or series of connected transactions, out of which

the original action arose.[71]

38.     To determine whether facts constitute a "transaction" or "series of transactions,"

courts consider "whether the facts are related in time, space, origin, or motivation, whether

---

[67] *Reneker v. Offill*, No. 3:08-CV-1394-D, 2012 WL 2158733, at *18 (N.D. Tex. June 14, 2012) (Fitzwater, J.) (emphasis added); *see also Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 Fed. Appx. 399, 400 n. 1 (5th Cir.2008) (per curiam).
[68] *In re Acis Capital Management, Inc.*, 2024 WL 4500804, at *3.
[69] Prior Acis Action, Dkt. 84 at ¶¶ 52-53; Dkt. 157 at ¶¶ 79-80.
[70] *Test Masters*, 428 F.3d at 571.
[71] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

[the facts] form a convenient trial unit, and whether [the facts] treatment as a unit conforms

to the parties' expectations or business understanding or usage."[72] ***The critical issue is***

***whether the two actions are based on the "same nucleus of operative facts."***[73] "If the

factual scenario of the two actions parallel, the same cause of action is involved in both.

The exact substantive theories advanced, forms of relief requested, types of rights asserted,

and variation in evidence needed do not inform this inquiry."[74]

39.      Nevertheless, Acis boldly asserts that its claims against Dondero are not the same

claims because: (1) the claims against Dondero depend upon different facts than the claims

against the Highland Entities in the Prior Acis Action; (2) the settlement agreements

entered in the ***Highland*** Bankruptcy carved Dondero out of the release; and (3) (ignoring

the identical nucleus of facts and other factors) treating Acis's claims against Dondero as

the same as the claims against the Highland Entities does not conform to Acis's subjective

"expectations."

### a. The claims against Dondero arise from the <u>exact</u> same facts and Transactions.

40.      ***First***, in the First DC Order, this Court necessarily found that the Current Acis

Action and the Prior Acis Action involved the same claim or cause of action. Acis cannot

use "new claims" under "new labels" to avoid res judicata.[75]

41.      Here, contrary to Acis's assertion, Acis's claims against Dondero ***do not*** arise from

---

[72] *Id*.

[73] *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir.2000) (emphasis added); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d at 571; *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004).

[74] *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

[75] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory."); *BAPA Brooklyn 2004, LLC v. PennyMac Loan Servs., LLC*, 2020 WL 12990982 *3 (N.D. Tex. February 28, 2020).

"***fundamentally different facts***" than those in the Prior Acis Action.[76] A cursory review of the nearly mirror-image complaints in each action reveal that statement to be absurd. In the Prior Acis Action against the Highland Entities, Acis: (1) alleged that Dondero and the Highland Entities controlled Acis and, together, Acis, Dondero and the Highland Entities masterminded an Alleged Fraudulent Scheme to transfer Acis's business away from Acis to the Highlands; (2) the Alleged Fraudulent Scheme was carried out through the Transactions, which damaged Acis; (3) referenced Dondero over 50 times, including that he was the owner, control person, co-conspirator ***and alter ego*** for each of the Highland Entities and Acis;[77] and (4) asserted claims ***based upon Dondero's alleged breach of fiduciary duty to Acis and the alleged harm to Acis as a result***.[78]

42.     The Current Acis Action is essentially a cut-and-paste from the Prior Acis Action. It is based on the exact same "fraudulent scheme" arising out of the exact same Transactions, which Acis alleged caused the exact same damage to Acis.[79] Acis's argument lacks merit.

> **b. The Bankruptcy Court's order approving the Settlement Agreements does not alter the preclusive effect of the Dismissals with Prejudice.**

43.     Acis again argues that a settlement agreement and the Bankruptcy Court's order (entered in the ***Highland*** Bankruptcy) approving the settlement agreement reserved Acis's claims against Dondero because Dondero was carved out of the release in the settlement

---

[76] Response Brief, Dkt. Doc. 223, at p. 21.

[77] *See* Prior Acis Action, Dkt. 157, including at ¶¶ 246 and 74.

[78] *See, e.g.,* Prior Acis Action, Dkt. 84 (Amended Answer), including at ¶¶ 29, 34, 45, 47, fn. 7, ¶ 52, 202, 208-215, 217-222, 237, 244, 262, 270; *see also,* e.g., the Prior Acis Action, Dkt. 157 (Second Amended Complaint), including at ¶ 43, 52, 55, 60, 74, *id.* at n. 15, 79-80, 93, 104, 123, 246-250, 270, 275, 314, 324-325, and 338-339.

[79] Dkt. 111 at para. 1-3, 18, 24, 53, 58, 59, 65, 92, 95, 96, 130-131, 144, and at p. 51 (prayer for relief).

agreement. This is the same argument Acis made in its objection to the First R&R.[80] In the

January 6th Order, this Court rejected Acis's argument because whether the Bankruptcy

Court was aware of or approved of the terms of Acis's settlement with the Highland Entities

is immaterial.[81] The Dismissals with Prejudice in the Prior Acis Action did not incorporate

the settlement agreement or expressly reserve Acis's claims against Dondero.[82]

44.     While Acis again cites *Morawski v. Farmers Texas Cnty. Mut. Ins. Co.* and *Hosp.*

*House, Inc. v. Gilbert* for its position that a court's awareness and approval of a settlement

agreement make the agreement part of the final judgment, neither case supports that

position.[83] Instead both cases clearly hold that: (1) a court's awareness and approval of the

parties' settlement agreement does "***not*** suffice" to make the agreement part of the final

judgment; and (2) the language of the final judgment, rather than the terms of the settlement

agreement, control the res judicata determination as to the prior lawsuit.[84]

45.     Next, Acis cites *Kokkonen v. Guardian Life Ins. Co. of America*, Acis in support of

its argument that language in a judgment that the court "retains jurisdiction" is sufficient

to incorporate the terms of a settlement agreement.[85] This is a gross misrepresentation. In

---

[80] *See* Acis's Brief ISO Prior Objection, Dkt. 201, at pp. 10-13.

[81] *See* First DC Order [DCT Dkt. 13] at p. 3.

[82] *See* First DC Order [DCT Dkt. 13] at pp. 3-4 (citing *Seven Networks, LLC v. Motorola Mobility LLC*, 2022 WL 426589, at *3 (N.D. Tex. 2022) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 42-03 (5th Cir. 2009)).

[83] *See* Brief at p. 19; *see also Morawski v. Farmers Texas Cnty. Mut. Ins. Co.*, No. 2:13-CV-00102-JRG, 2014 WL 991573, at *5 (E.D. Tex. Mar. 11, 2014) (Holding that the court's awareness and approval of the parties' settlement agreement "do not suffice" to make the agreement a part of the final judgment and the explicit language of the final judgment, rather than the terms of the settlement agreement, controls the res judicata determination as to the prior lawsuit); *Hosp. House, Inc.*, 298 F.3d at 431 ("At most, physical attachment of a settlement agreement to a dismissal order evinces the district judge's 'awareness and approval of the terms of the settlement agreement,'" which "do not suffice to make them part of his order." To make a settlement agreement part of a dismissal order, the court must clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms.).

[84] *Morawski*, 2014 WL 991573, at *5 (emphasis added)*; Hosp. House, Inc.*, 298 F.3d at 431 (emphasis added).

[85] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

*Kokkonen*, after the court entered a stipulation and order, a dispute arose as to the parties' obligations **under the settlement agreement**. Kokkonen moved to enforce the settlement agreement, and Guardian Life opposed, arguing that the court lacked subject-matter jurisdiction. The United States Supreme Court held that there was no jurisdiction to enforce the settlement agreement unless the dismissal: (1) incorporated the settlement agreement in the order; or (2) retained jurisdiction **over the settlement agreement itself**. Nothing in that case provides that the addition of language that the court "retained jurisdiction" is sufficient to incorporate a settlement into the judgment or otherwise alter the preclusive effect of a judgment.

46.     Here, the Dismissals with Prejudice retain jurisdiction to enforce **_the orders_**. They did not "retain jurisdiction" to enforce any settlement agreement and did not incorporate the settlement agreements in any way. The only part of *Kokkonen* that is relevant here is its holding that "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."[86]

### c.  Acis's subjective "expectation" is irrelevant.

47.     Acis asserts that the transaction test is not satisfied here because "Dondero's role in the transactions should be treated as separate from the Highlands' in order to conform to the parties' expectations."[87] In making this argument, Acis focuses on the considerations of the Transaction Test that look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and **whether their treatment as a unit conforms to the parties' expectations** or business understanding or usage.'"[88] While

---

[86] *Id*.
[87] Brief at p. 19.
[88] Brief at p. 20.

courts consider those factors, "[t]he transactional test is satisfied if the two actions are based on the 'same nucleus of operative facts.'"[89]

48.    *First*, Acis did not raise this argument regarding its "expectations" in the Bankruptcy Court, and it is waived.

49.    *Second*, the Prior Acis Action and the Current Acis Action are clearly related in time, space, origin, motivation, form a convenient trial unit, and are, unequivocally, based upon the same nucleus of operative facts.

50.    *Third*, Acis cites no authority to support its subjective interpretation of the "expectation" factor it relies upon (or that the absence of a single factor means that the transaction test is not satisfied). In fact, in *Seven Networks*, this Court found that, even though a settlement agreement expressly carved out Motorola, the agreed dismissal with prejudice precluded subsequent claims against Motorola under res judicata.[90] The parties' "expectation" of carving Motorola out of that settlement was irrelevant to the preclusive effect dismissal with prejudice. Likewise, Acis's "expectation" based upon its settlement with Highland is irrelevant to this analysis.

51.    *Fourth*, the Plan (and the Bankruptcy Court's Confirmation Order of the Plan), like the Settlement Agreements, is also immaterial. Under Section 1123(b)(3)(B) of the Bankruptcy Code, a debtor does not have the authority to pursue claims previously owned by the estate after confirmation unless those claims were properly retained in the confirmation order.[91] The Confirmation Order, entered January 31, 2019, merely preserved

---

[89] *Preston v. Mariner Health Care Mgmt. Co.*, 388 F. App'x 424, 426 (5th Cir. 2010).

[90] *Seven Networks, LLC v. Motorola Mobility LLC*, 2022 WL 426589, at *3 (N.D. Tex. 2022).

[91] *See In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) ("If a debtor has not made an effective reservation, the debtor has no standing to pursue a claim that the estate owned before it was dissolved."); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) ("Courts in numerous cases have precluded debtors or former debtors from pursuing claims about which the debtors had knowledge, but did not disclose, during the debtors' bankruptcy proceedings.") (citing collection of cases).

the Estate's claims against Dondero such that they survived **confirmation**.[92] Neither the

Plan nor the Confirmation Order prevented the subsequent preclusive effect of the

Dismissals with Prejudice (entered in November of 2020 and May of 2021, respectively).

52.     *Finally*, whether Dondero could have moved to have Acis's claims dismissed on

res judicata grounds earlier is irrelevant.

### C.  The Bankruptcy Court Did Not Err in Finding the Dismissals with Prejudice Were Final Judgments on the Merits for Res Judicata Purposes.

53.     Next Acis argues that the trial court erred by giving the Dismissals with Prejudice

res judicata effect. Again, this Court previously rejected this repackaged argument.[93] The

Fifth Circuit has explicitly held that dismissals with prejudice, including consent judgments

and stipulations of dismissal with prejudice, are final judgments on the merits for res

judicata purposes.[94] Moreover, in *Seven Networks*, this Court held that consent judgments,

which failed to incorporate a settlement agreement or contain any express reservations,

barred claims against a new party in a subsequent lawsuit. Nevertheless, Acis contends that

the Restatement (Second) of Judgements prohibited the Bankruptcy Court (and this Court)

from relying on the Dismissals with Prejudice for res judicata purposes in this case. Acis

---

[92] *See* Acis Bankruptcy; No. 18-30264, Dkt. 829; *See*, Case 18-30264, Dkt. 660 at pp. 6, ¶¶ 1.55, 6.03, 9.01 ("Retention of Estate Claims. Except as otherwise specifically provided in this Plan, ***pursuant to section 1123(b)(3) of the Bankruptcy Code***, all Estate Claims shall be transferred to, and vested in, the Reorganized Debtor, both for purposes of seeking an affirmative recovery against any Person and for the purposes of offset, recoupment or defense against any Claim asserted against the Estate or Reorganized Debtor. All Estate Claims shall be deemed to have been transferred to, and vested in, the Reorganized Debtor as of the Effective Date based on the entry of the Confirmation Order. Without limiting the effectiveness or generality of the foregoing reservation, out of an abundance of caution, the Debtors and the Estate hereby specifically reserves, retains, and preserves the Estate Claims reflected in the attached **Exhibit A.**") and Exhibit A.
[93] First DC Order at pp. 3-4.
[94] *Russell*, 962 F.2d at 1173 (citing *Kaspar Wire Works, Inc. v. Leco Engineering and Mach. Inc.*, 575 F.2d 530, 538 (5th Cir.1978)); *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *see also Seven Networks, LLC*, 2022 WL 426589, at *5; *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) ("A dismissal with prejudice is a final judgment on the merits."); *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir.1993) (same); *see also In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 500 (5th Cir.1994) (same); *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005).

fails to cite a single case supporting its position that the Restatement overrides precedent

from the Supreme Court or the Fifth Circuit.

**D. Dondero Did Not Waive Res Judicata.**

54.     Acis argues that Dondero has waived the affirmative defense of res judicata.[95]

55.     ***First***, Dondero has indisputably pled the affirmative defense of res judicata in his

*Original Answer*.[96] It is therefore not waived, nor can it be an "unexpected defense" as

alleged by Acis.

56.     ***Second***, the Court can raise res judicata *sua sponte*, just as the Fifth Circuit did in

*Russell v. SunAmerica Securities, Inc.* on appeal from a summary judgment.[97]

57.     ***Third***, after the First R&R, Dondero requested leave to file additional dispositive

briefing on the preclusive effect of the Dismissals with Prejudice, ***which the Bankruptcy***

***Court granted***. Dondero did not waive any res judicata argument.

58.     ***Fourth***, with respect to Acis's complaint that res judicata was not sufficiently pled,

Acis has waived this argument. Acis never challenged the sufficiency of Dondero's

pleading under FED. R. CIV. P. 12(f).[98] The deadline to file a Rule 12(f) motion was 21 days

after Dondero's answer was filed, or July 13, 2020.[99] Even if Acis did, under the case law

Acis cites, the Bankruptcy Court would give Dondero an opportunity to amend its answers

---

[95] Brief at pp. 25-26.

[96] Dkt. 19, Dondero's *Original Answer* at para. 197.

[97] *Russell*, 962 F.2d at 1172 ("We are cognizant that res judicata, as such, has not been specially pled. Fed. R. Civ. P. 8(c). In the posture of this case, however, where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to the dispositive facts, simply because neither party has seen fit to invite our attention to the issue by technically correct and exact pleadings. We do so sua sponte.").

[98] *Campbell Harrison & Dagley v. Hill*, No. 3:10-CV-02269-L-BK, 2016 WL 8674679, at *5 (N.D. Tex. Aug. 19, 2016), report and recommendation adopted as modified sub nom. *Campbell Harrison & Dagley L.L.P. v. Hill*, No. 3:10-CV-2269-L, 2016 WL 8669849 (N.D. Tex. Sept. 30, 2016), amended sub nom. *Campbell Harrison & Dagley v. Hill*, No. 3:10-CV-2269-L-BK, 2017 WL 5649604 (N.D. Tex. Jan. 27, 2017) and aff'd sub nom. *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 Fed. Appx. 192 (5th Cir. 2018).

[99] FED. R. CIV. P. 12(f); Dkt. 19.

to address any deficiency.[100] Further, while Acis claims that it did not receive "fair notice" of Dondero's position, Acis never sought any discovery on Dondero's affirmative defenses (whether through interrogatory or deposition).

59.     ***Finally***, while Acis complains that Dondero did not move for summary judgment on his res judicata defense due to the Dismissals with Prejudice, Dondero was not obligated to move for summary judgment on all affirmative defenses.

## IV.   CONCLUSION AND PRAYER FOR RELIEF

FOR THE FOREGOING REASONS, Dondero requests the Court adopt the Bankruptcy Court's Report and Recommendation, dismiss all of Acis's remaining claims against Dondero with prejudice, and award Dondero such other and further relief to which he may be entitled in law and equity.

---

[100] *Ullmann v. OBMI Miami, Inc.*, No. 3:23-CV-1772-B, 2024 WL 2970054 (N.D. Tex. June 12, 2024).