IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Bank. Case No. 18-30264-sgj11 |
| ACIS CAPITAL MANAGEMENT LP, | § | Adv. No. 20-03060-sgj |
| *et al.*, | § | |
| | § | |
| Debtors, | § | |
| | § | |
| ACIS CAPITAL MANAGEMENT LP, | § | |
| *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-02036-N |
| | § | |
| JAMES DONDERO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING RULE 54(b) FINAL JUDGMENT

This Order addresses Plaintiffs Acis Capital Management, LP and Acis Capital Management GP, LLC's (collectively, "Acis") unopposed motion for entry of Rule 54(b) final judgment and stay pending appeal [19]. Because the Court concludes there is no just reason for delay, the Court grants the motion.

On January 6, 2025, the Court adopted the Report and Recommendation of the Bankruptcy Court and thereby granted Defendant James Dondero's motion to dismiss two of Acis's claims. Order, Jan. 6, 2025 [13]. Then, on April 23, 2025, the Court adopted a later Report and Recommendation of the Bankruptcy Court and thereby granted Dondero's motion for judgment on the pleadings and supplemental motion for summary judgment which resolved the remaining claims against Dondero. Order, Apr. 23, 2025 [18].

ORDER GRANTING RULE 54(b) FINAL JUDGMENT – PAGE 1

Rule 54(b) provides that when "an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Courts must undertake a two-step inquiry when deciding whether to certify a judgment under Rule 54(b). *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)). First, the Court must determine that it is dealing with a "final judgment." *Id.* Then, it must determine whether any just reason for delay exists. *Id.* In doing so, the Court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Here, there is no doubt or dispute that the Court's orders of January 6, 2025, and April 23, 2025, are "final judgments." Both orders expressly dismiss Acis's claims against Dondero with prejudice on claim preclusion grounds. Then, consideration of multiple factors leads the Court to conclude that no just reason for delay exists. First, the res judicata issue that informed the Court's prior decisions is not applicable to the remaining claims against CLO HoldCo Ltd. ("CLO HoldCo"), the sole remaining defendant. Thus, the reviewing court will not need to decide the same issue a second time, and these claims make a logical package for appeal. Second, the dismissed claims involve significant factual allegations that will not be resolved in deciding the claims against CLO HoldCo, including Dondero's conduct as President of Acis GP and his alter ego status with the various Highland entities. Third, permitting an appeal at this stage will promote judicial economy,

ORDER GRANTING RULE 54(b) FINAL JUDGMENT – PAGE 2

in the event any appeal is successful, by preventing potentially duplicative trials against Dondero and CLO HoldCo.  Fourth, the defendants here do not oppose this motion, and thus the Court concludes that the equities would not be implicated in granting a final judgment against Dondero.  Accordingly, the Court concludes that no just reason for delay exists.

In addition to seeking a Rule 54(b) final judgment, Acis also seeks to have litigation of the remaining claims against CLO HoldCo stayed pending resolution of an appeal.  Pls.' Mot. 6.  Because the request is unopposed, and because doing so will promote the interests of judicial economy, the Court hereby stays the litigation of the remaining claims against CLO HoldCo in this action pending the resolution of any appeal of this judgment.

### CONCLUSION

There being no just reason for delay, the Court grants Acis's motion for entry of judgment and for stay pending appeal.  It is, therefore, ordered that Acis take nothing on its claims against James Dondero and the Clerk is directed to enter final judgment as to Dondero only.  The Court further orders that the remaining litigation against CLO HoldCo is stayed pending resolution of any appeal of this judgment.

Signed June 24, 2025.

_____
David C. Godbey
Chief United States District Judge

ORDER GRANTING RULE 54(b) FINAL JUDGMENT – PAGE 3